# SUMMARY OF ORAL STATEMENT BY JUDGE DANEEKA VARNER COTTON PURSUANT TO MARYLAND RULES 18-422(b)(2)(B)(i) and 18-433(b)(2)(B)

Investigative Counsel Tanya C. Bernstein spoke by telephone to the Honorable DaNeeka Varner Cotton on August 11, 2022. Judge Cotton was an Associate Judge for the Circuit Court for Prince George's County.[1]

Judge Cotton described her experiences with Judge April Ademiluyi related to her training. Judge Cotton stated that she was a member of the Training Committee for the past 2-3 years. The other members were Judge Michael Pearson and Judge Wytonja Curry, and Judge John Davey was the Chair. Training of new judges was determined by Executive Order from Administrative Judge Sheila Tillerson Adams and included observation requirements and sitting with training judges. Judge Cotton believed that there is a checklist of requirements, and that Judge Davey maintains a log of completions in his capacity as Chair. Once the requirements are completed, the Training Committee reports to Judge Adams that the judge is cleared. Judge Adams then issues an Executive Order releasing the judge from training.

Judge Cotton listed a number of issues that she recalled relative to Judge Ademiluyi's training. First, Judge Ademiluyi was sitting with Judge Nicholas Rattal, the Criminal Coordinating Judge, and she was granting probation without a sentence. Judge Rattal told Judge Ademiluyi that she was issuing illegal sentences, but she continued to do it. Second, Judge Ademiluyi refused to sit with Judges Davey and ShaRon Kelsey as part of her training. Third, Judge Ademiluyi sat with Judge Cathy Serrette on a rape trial and refused to listen to Judge Serrette's instructions. C.T. Wilson, Esq., the defense attorney in the case, contacted Judge Cotton and advised her that he was going to file a formal complaint against Judge Ademiluyi. He explained that they were supposed to have a hearing on an issue but that Judge Ademiluyi decided to take judicial notice and made a decision without a hearing. Mr. Wilson also told Judge Cotton that Judge Ademiluyi had complained that the Assistant State's Attorney had let a rapist go free. Finally, Judge Ademiluyi reversed an order issued by Judge William Snoddy, the Civil Coordinating Judge. Judge Snoddy talked to Judge Ademiluyi about it because it was not an appropriate action, but she refused to listen to him. Judge Cotton also recalled that Judge Lawrence Hill, Jr., expressed concerns about Judge Ademiluyi to the Training Committee, but she did not recall the specifics.

Judge Cotton stated that the Training Committee collectively agreed that they could no longer train Judge Ademiluyi because she was not following instructions. The Committee sent a memorandum to Judge Adams regarding the same. Judge Cotton said that Judge Davey had tried to talk to Judge Ademiluyi and resolve the issues but that she was not receptive. She thought that Judge Pearson may have also talked to Judge Ademiluyi but she was not sure. Judge Cotton had not had contact with Judge Ademiluyi since Judge Ademiluyi filed the complaint against her with the Commission. Judge Cotton described Judge Ademiluyi as being insubordinate. Judge Cotton stated that she was dumbfounded because a situation like this had never occurred before. Judge Cotton stated that Judge Gladys Weatherspoon was trained at the same time as Judge Ademiluyi and was certified over a year ago. Both Judges Weatherspoon and Ademiluyi were

---

[1] Judge Cotton was appointed the Administrative Judge for the Circuit Court for Prince George's County, effective January 1, 2023.

EXHIBIT C

elected to the Circuit Court as challengers. Judge Weatherspoon told Judge Cotton that Judge Ademiluyi's former law clerk had apologized for never speaking to her during her employment. The law clerk told Judge Weatherspoon that Judge Ademiluyi had directed her not to speak to her because Judge Ademiluyi believed Judge Weatherspoon had something against her and could not be trusted.


EXHIBIT C