## SUMMARY OF ORAL STATEMENT BY JUDGE SHEILA TILLERSON ADAMS PURSUANT TO MARYLAND RULES 18-422(b)(2)(B)(i) and 18-433(b)(2)(B)

Investigative Counsel Tanya C. Bernstein spoke by telephone to the Honorable Sheila Tillerson Adams on June 30, 2022. Judge Adams was the Administrative Judge for the Circuit Court for Prince George's County.[1]

Judge Adams discussed the continued issues with training Judge April Ademiluyi. She described the situation as having been a nightmare. She stated that Judge Ademiluyi was sitting with Judge Cathy Serrette on a jury trial in a rape case and that they had disagreed on a matter that came up during the trial and took a recess. Judge Ademiluyi went back on the bench without Judge Serrette and ruled on the matter. Judge Ademiluyi told Judge Serrette that she did not need her. Judge Adams stated that this went against training protocol and that Judge Serrette wrote a memorandum about it.

Judge Adams met with Judge Ademiluyi and told her that she had released the training committee from working with her and that she would create a different training process. Judge Adams instructed Judge Ademiluyi to continue to preside over the rape trial and to meet with Judge Adams after trial to debrief. They would continue following this process until Judge Adams was satisfied that Judge Ademiluyi was fully trained in jury trials. The rape trial ended with an acquittal. Judge Adams subsequently received numerous phone calls complaining about Judge Ademiluyi's handling of the case. One such call was from C.T. Wilson, Esq., who was defense counsel in the case. He described Judge Ademiluyi's conduct as "unconscionable" and that she was acting as an advocate for the State. Judge Ademiluyi met with Mr. Wilson on June 29, 2022, and he told her that he was considering filing a complaint with the Commission. Judge Adams was also advised by others that Judge Ademiluyi had contacted the State's Attorney and alleged that the Assistant State's Attorney did not try the case correctly and that she did not like the voir dire questions that the ASA submitted to the court. Judge Adams was also told that Judge Ademiluyi was a rape victim herself and, if that was true, Judge Adams believed that Judge Ademiluyi should have recused from the trial.

Following the conclusion of the rape trial, Nicole Thomas, Judge Adams' judicial aide, called Judge Ademiluyi to schedule the debrief with Judge Adams. Judge Ademiluyi refused, telling Ms. Thomas that she did not need to meet with Judge Adams and that she was done training. Discussion ensued via email between Judges Adams and Ademiluyi, during which Judge Ademiluyi accused Judge Adams of retaliating against her. Judge Ademiluyi also stated that she was doing what Chief Justice Matthew Fader had told her to do. Judge Adams contacted Chief Justice Fader and he told Judge Adams that he sent Judge Ademiluyi a letter directing her to do what Judge Adams told her to do. Judge Adams ultimately scheduled a meeting for 12:00 p.m. on July 1, 2022.[2]

---

[1] Judge Adams retired effective December 31, 2022.

[2] Judge Ademiluyi failed and refused to attend the meeting on July 1, 2022, as confirmed by emails between Judge Adams and Judge Ademiluyi on that same date.

EXHIBIT

tabbies

F

## SUMMARY OF ORAL STATEMENT BY JUDGE DANEEKA VARNER COTTON PURSUANT TO MARYLAND RULES 18-422(b)(2)(B)(i) and 18-433(b)(2)(B)

Investigative Counsel Tanya C. Bernstein spoke by telephone to the Honorable DaNeeka Varner Cotton on August 11, 2022. Judge Cotton was an Associate Judge for the Circuit Court for Prince George's County.[1]

Judge Cotton described her experiences with Judge April Ademiluyi related to her training. Judge Cotton stated that she was a member of the Training Committee for the past 2-3 years. The other members were Judge Michael Pearson and Judge Wytonja Curry, and Judge John Davey was the Chair. Training of new judges was determined by Executive Order from Administrative Judge Sheila Tillerson Adams and included observation requirements and sitting with training judges. Judge Cotton believed that there is a checklist of requirements, and that Judge Davey maintains a log of completions in his capacity as Chair. Once the requirements are completed, the Training Committee reports to Judge Adams that the judge is cleared. Judge Adams then issues an Executive Order releasing the judge from training.

Judge Cotton listed a number of issues that she recalled relative to Judge Ademiluyi's training. First, Judge Ademiluyi was sitting with Judge Nicholas Rattal, the Criminal Coordinating Judge, and she was granting probation without a sentence. Judge Rattal told Judge Ademiluyi that she was issuing illegal sentences, but she continued to do it. Second, Judge Ademiluyi refused to sit with Judges Davey and ShaRon Kelsey as part of her training. Third, Judge Ademiluyi sat with Judge Cathy Serrette on a rape trial and refused to listen to Judge Serrette's instructions. C.T. Wilson, Esq., the defense attorney in the case, contacted Judge Cotton and advised her that he was going to file a formal complaint against Judge Ademiluyi. He explained that they were supposed to have a hearing on an issue but that Judge Ademiluyi decided to take judicial notice and made a decision without a hearing. Mr. Wilson also told Judge Cotton that Judge Ademiluyi had complained that the Assistant State's Attorney had let a rapist go free. Finally, Judge Ademiluyi reversed an order issued by Judge William Snoddy, the Civil Coordinating Judge. Judge Snoddy talked to Judge Ademiluyi about it because it was not an appropriate action, but she refused to listen to him. Judge Cotton also recalled that Judge Lawrence Hill, Jr., expressed concerns about Judge Ademiluyi to the Training Committee, but she did not recall the specifics.

Judge Cotton stated that the Training Committee collectively agreed that they could no longer train Judge Ademiluyi because she was not following instructions. The Committee sent a memorandum to Judge Adams regarding the same. Judge Cotton said that Judge Davey had tried to talk to Judge Ademiluyi and resolve the issues but that she was not receptive. She thought that Judge Pearson may have also talked to Judge Ademiluyi but she was not sure. Judge Cotton had not had contact with Judge Ademiluyi since Judge Ademiluyi filed the complaint against her with the Commission. Judge Cotton described Judge Ademiluyi as being insubordinate. Judge Cotton stated that she was dumbfounded because a situation like this had never occurred before. Judge Cotton stated that Judge Gladys Weatherspoon was trained at the same time as Judge Ademiluyi and was certified over a year ago. Both Judges Weatherspoon and Ademiluyi were

---

[1] Judge Cotton was appointed the Administrative Judge for the Circuit Court for Prince George's County, effective January 1, 2023.

EXHIBIT

F

tabbies

elected to the Circuit Court as challengers. Judge Weatherspoon told Judge Cotton that Judge Ademiluyi's former law clerk had apologized for never speaking to her during her employment. The law clerk told Judge Weatherspoon that Judge Ademiluyi had directed her not to speak to her because Judge Ademiluyi believed Judge Weatherspoon had something against her and could not be trusted.

2

