IN THE UNITED STATES CORPORATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (GREENBELT)

USDC- GREENBELT
'24 JAN 11 PM3:37

IN THE MATTER OF
Prince George's County MD.
Corporate Circuit Court
JUDGE April Ademiluyi
Courthouse Upper Marlboro 14735
Main Street MD. 20772
phone (301) 952-4988.
Email aprilcmecffiling.com.
<u>Pro se under title 28 USC 1664</u>
    Plaintiff

    Vs.

JUDGE Sheila R. Tillerson Adams
Courthouse Upper Marlboro 14735
Main Street MD. 20772
    Defendant # 1
Daneeka Varner Cotton.
Courthouse Upper Marlboro 14735
Main Street MD. 20772
    defendant # 2
Honorable Michael R. Pearson
Courthouse Upper Marlboro 14735
Main Street MD. 20772
    defendant # 3
CORPORATE DEFENDANT'S CONTACT INFO IS NOT
PUBLISHED PURPORTEDLY REPRESENTED BY.
SECURITY BOND-HOLDER TRAVELERS' INSURANCE
POLICY NUMBER 105637860 FIDELITY/SURETY
BOND, @ Nadine.maeser@mdcourts.com
  AS  **CORPORATE DEFENDANTS**

AND

Permissive intervenor George McDermott
143 N. Huron Dr. Forest Heights, MD 20745
phone (301) 996-9577 appearing pro se
email Georgemcdermott2018@gmail.com

**Civil Docket #: 8:23 – CV – 03526 – LKG.**

<u>Rule 6(B) Does Not, However, Vest A Court With Discretion To Impose A Special Condition On The Responding Party Which Violates A Statutory Right. Under 28 U.S.C. § 1654</u> (1976), a party to a civil action in federal court has the right to appear pro se.1 The right to self-representation "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the **DEI GERATIA** of a particular case.

Controlling US code statutes Title 22 USC (Foreign Relations and Intercourse) Chapter 11 identifies all public officials as foreign agents. TITLE 28 U.S.C. 1602-1611

Title 28 USC 3002 Section 15A states that the <u>United States is a Federal Corporation and not a Government, including the Judiciary</u> Procedural Section. **FRCP rule 12 (b)(6)**

Title 22 USC (Foreign Relations and Intercourse) Chapter 11 identifies all public officials as foreign agents. **FRCP rule 12 (b)(6)**

Title 28 USC 3002 Section 15A states that the United States is a Federal Corporation and not a Government, including the Judiciary Procedural Section. **FRCP rule 12 (b)(6)**

**VICTIM/CITIZEN MOTION TO INTERVENE BY GEORGE MCDERMOTT HEREAFTER INTERVENOR PURSUANT TO FRCP RULE TITLE (1).1, 2, TITLE II RULE 4.1, 5.1 AND TITLE IV RULE 24 (A) (1) (2) (B) (1) ET SEQ. WHICH *IN GENERAL*. ON TIMELY MOTION, THE COURT MAY PERMIT ANYONE TO INTERVENE. AND MOTION CHALLENGING THE COURT'S JURISDICTION <u>UNDER TITLE 28 U.S.C. 1602-</u>**

## 1611 (FOREIGN SOVEREIGN IMMUNITIES ACT) ALLOWS THE JURISDICTION OF A COURT TO BE CHALLENGED, AND A DEMAND OF PROPER JURISDICTION TO BE STATED.

Comes now George McDermott through the motion practice of this Hon. Court filing this motion to intervene as a victim and disenfranchised organic citizen of the United States of America and as a 28-year-plus victim of the named corporate defendants their agents & assigns, court insiders, and affiliates, and fellow bar members who have all worked clandestinely/secretly subvert the rule of law our state constitution and declaration of rights for years disrespecting the rule of law necessitating my Filing this motion to intervene. George McDermott hereafter intervenor proceeding pro se under 28 USC 1654 and under FRCP rules title (1).1, 2, title ii rule 4.1, 5.1 and title iv rule 24 (a) (1) (2) (b) (1) et seq. which states and I quote.

("**Intervention of Right**. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. (b) **Permissive Intervention**. (1) *In General*. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute, or (B) has a claim or defense that shares with the main action a common question of law or fact.").

1. Intervener brings this action and motion to intervene as a victim himself of the defendants criminal misconduct which is well documented in this court and 7th judicial circuit courts for Maryland as well as others after seeing the news on Fox 5 Friday evening segment captioned Prince Georges County judge file suit against colleagues in federal court. [ATT. 1] stating criminal misconduct on part of Prince George County judges identified on and court agents.

2. This intervener as also a victim of this court and the court's and court officers plaintiff has complained about according to the media working as a monopoly of judges and lawyers to discredit the rule of law as I understand and now allegations of falsification of court documents and orders intervener will be picking up a copy of the amended complaint on this 10th day of January 2024 and

reserve this motion under FRCP rule 10 (C) but this court is well familiar with intervenors history beginning in 1998 case fraudulent bankruptcy of Andrew Clifford Moore case # 88 – 4 – 2746 PM where Prince Georges County Circuit Court Judge Gerald Schiff retired engaged in fraud on the United States Bankruptcy Court system in November 1995 by misrepresenting himself as a bankruptcy judge to protect mafia interest and Judge Thomas P Smith interest in the debtor's fraud on the court and intervener this can be verified at the following cases adversary case # 95 – 1249-PM and civil case US District Court # PJM- 1822, In Re Andrew C. And also case number US District Court. PJM 2000-CV-190 all courts were aware of their duty under 28 USC 3057 to prevent fraud on the court and instead to subject intervener to 28 years of judicial terrorism by the federal and state judges involved

3.      including but not limited to. PG County judges (1), Judge Gerald Schiff, (2), Judge Lawrence V. Hill, Jr, (3) Judge Michael R. Pearson. (4). Judge Krystal Q. Alves, (5). Judge Crystal D. Mittelstaedt, (6). Judge Toni E. Clarke, (7). Judge Dwight Jackson, (8). Judge Philip Nichols, Jr., Chief Judge, (9). Judge Stephen Platt, Judge Sheila R. Tillerson Adams, (10). Judge William Missouri. (12) Judge Herman Dawson Albeit judges and more as court documents will prove have engaged in fraud and deception on the court and the intervener, obstruction of justice, falsifying of court documents, falsifying of court transcripts and destruction of court transcripts to cover up the misconduct of following judicial officers as the plaintiff has alleged in her complaint. It must be noted that over 100 other judges in state and federal court systems have joined in this conspiracy against the rule of law in our national Constitution/Bill of Rights. This can be affirmed by visiting intervenors website@secretjustice.com and also George McDermott.com.

4.      Intervener believes he has a right to intervene to inform this court of the misconduct of the

defendants and their agents as alleged by the plaintiff's amended filing which intervener will beginning in copy of from the clerk's office this 10th day of January 2024. As intervener has received hundreds of these forged unverifiable documents from the state court system, state appellate courts and Supreme Court, United States Bankruptcy Court, United States District Court's multiple jurisdictions, United States Ct. of Federal claims, United States Court of Appeals, and the United States Court of Appeals for the Federal Circuit. Yet not 1 of these courts will produce their oath of office, there judicial bond, or copies from the original signed order for the last 25 years subjecting the intervener to 28 years of judicial terrorism and enslavement in violation of the U.S. Constitution 13th amendment.

5. (A).  Intervenor now challenges the court to produce copies of it jurisdiction and authority which is being challenged under <u>The Federal Rules of Civil Procedure 12b 6 the prosecution has failed to provide adequate proof that the parties involved in this situation are corporate entities. I have provided ample proof that the prosecution and other agents are corporations.</u> Alleged corporate state and federal Government Corporations covered under the

5-(A). Intervener respectfully requests the court to hold an open proceeding and to provide an answer regarding court date jurisdiction and authority as to whether it is or is not operating under Admiralty law, commercial law, civil law or common law statutes in accordance with the 50 volumes of the United States code annotated as printed by the GPO as proof of the official record. Questions are.

5-(B)    appellant asserts that this is an interior courts are subject to the laws statutes and regulations cited by the U.S. Congress emphasis supplied.

> Senate and House of Representatives of the United States of America in Congress assembled, That this Act may be cited as the Foreign Sovereign Immunities Act of 1976". SEC. 2. (a) That chapter 85 of title 28, United States Code, is amended by inserting immediately before section 1331 the following new section: Foreign Sovereign Immunities Act of 1976. 28 USC 1. Will this court confirm or deny Congress's intent and purpose of and for the sovereign immunities act?

Page 4

5- (C). Again intervenor asserts that published law under title Title 22 USC (Foreign Relations and Intercourse) Chapter 11 identifies all public officials as foreign agents. Title 28 USC 3002 Section 15A states that the United States is a Federal Corporation and not a Government, including the Judiciary Procedural Section. As the plaintiffs and defendants appear to be corporate officers ignoring their oath of office and judicial bond as published under 5- (C). Again intervenor asserts that published law under title Title 22 USC (Foreign Relations and Intercourse) Chapter 11 identifies all public officials as foreign agents. Title 28 USC 3002 Section 15A states that the United States is a Federal Corporation and not a Government, including the Judiciary Procedural Section. Again jurisdiction of the court is challenged under FRCP rule 12 (b) (6) critical court please clarify before issuing any rulings judgments or decrees to preserve the record for appeal.

5-(D).   Again intervenor is confused as no court for the last 28 years or Judge has declared their jurisdiction and authority even after repeated requests once again emphasis supplied.

22 CFR 92.12-92.31 FR Heading "Foreign Relationship" states that an oath is required to take office. Title 8 USC 1481 stated once an oath of office is taken citizenship is relinquished, thus you become a foreign entity, agency, or state. That means every public office is a foreign state, including all political subdivisions. (i.e. every single court and that courts personnel is considered a separate foreign entity)

Again will the court stated jurisdiction in authority as to whether it's operating under prevailing US statute law and treaty before issuing any **Orders Judgments Or Decrees.** To preserve the record for appeal.

5-(E).    Intervenor asserts once again that the plaintiff brings this action against the corporate defendants who must acknowledge their jurisdiction and authority and who legal representatives are emphasis supplied.

> The government, by becoming a corporator, lays down its sovereignty, so far as respects the transaction of the corporation, and exercises no power or privilege which is not derived from the charter.); U.S. v. Georgia-Pacific Co., 421 F.2d 92, 101 (9th Cir. 1970) (Government may also be bound by the doctrine of equitable estoppel if acting in proprietary [for profit nature ] rather than sovereign capacity); the "Savings to Suitor Clause" is also available for addressing mercantile and admiralty matters aka "civil process" at the common law and within a state court.

5-(F). Did the intervener have a right to know as an unskilled pro se litigant in 1995 that he was actually seeking relief from foreign agents representing various clandestine foreign corporations whose officers and agents were proceeding under color of law and authority in conflict with published codified statute laws and foreign treaties recognized and published by the GPO. Again appellant besides the prevailing laws and statutes which were secreted as officers of this court and others engaged in a 28 year conspiracy against legal and civil rights of the intervenor in his family in conflict with their oath of office, judicial bonds, and corporate bylaws which are the rule of law of the corporation operating in the United States of American. Emphasis supplied again

> Title 8, 22 & 28 USC December 26th 1933 49 Statute 3097 Treaty Series 881 (Convention on Rights and Duties of States) stated <u>CONGRESS replaced STATUTES with international law, placing all states under international law.</u> December 9th 1945 International Organization Immunities Act relinquished every public office of the United States to the United Nations. 22 CFR 92.12-92.31 FR Heading <u>"Foreign Relationship"</u> states that an oath is required to take office.

Once again court is asked to confirm or deny this statute law to preserve the matter for appeal.

6. Intervener is attaching for the record documents evidencing that after 28 years of judicial terrorism and economic terrorism the defendants and their agents are even now joined in a civil RICO conspiracy against the legal and civil rights of the plaintiff but also all other citizens of this nation who appear pro se unsuspecting that the corporate court only protects its own and is incapable of telling the truth its lawyers and judges all belong to the ABA and its subsidiaries as the 1950 81st Congress Investigated the Lawyers Guild and determined that the B.A.R. Association by definition is founded and run by communists. Thus any elected official that is a member of the B.A.R. will only be loyal to the B.A.R. entity and never have allegiance to the people.

Respectfully submitted

*/s/ George McDermott*

George McDermott        All Rights Reserved Under UCC. 1-101 + 301 Et Seq.

Certificate of service

I George McDermott certify that this motion paper was delivered to the defendant and the plaintiff by USPS 1st class mail in accordance to the court rules on this 10th day of January 2024 at the following addresses. The defendant's attorney was not identified as of the filing.

TO DEFENDANT JUDGES SHEILA TILLERSON ADAMS AND DEFENDANT JUDGE DANEEKA VERNER COTTON AND DEFENDANT JUDGE MICHAEL R PEARSON. AS WELL AS TO THE PLAINTIFF JUDGE APRIL ADEMILUYI by USPS mail 14735 Main St. upper Marlboro, MD 20772 BY



**As stated above intervener reserves the right to alter and amend under FRCP Rule 10 (C) as the court docket does not show the name of the defendant's attorney intervener will have to get a copy of the amended complaint of the plaintiff, a copy of the court certificate of service and will supplement the record on or before January 12, 2024**

| Att.# | Description of attachment | Date | Page # |
|---|---|---|---|
| Att.# 1 | Online Docket from pacer no access pro se litigants | 01/09/2024 | Page 7 |
| Att.# 2 | Memorandum of law in support of motion FRCP rule 24 to intervene | 01/10/2024 | Pages 8-12 |

| Att.# 3 | Exemplars of current frauds by the defendant agents against interveners and other citizens have been denied access to the courts of justice by alleged foreign agents | 01/10/2024 | Attachment A. 24 pages |
|---|---|---|---|

# Rule 24. Intervention

## Primary tabs

(a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:

   (1) is given an unconditional right to intervene by a federal statute; or

   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) PERMISSIVE INTERVENTION.

   (1) *In General.* On timely motion, the court may permit anyone to intervene who:

      (A) is given a conditional right to intervene by a federal statute; or

      (B) has a claim or defense that shares with the main action a common question of law or fact.

   (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

      (A) a statute or executive order administered by the officer or agency; or

      (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

   (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

(c) NOTICE AND PLEADING REQUIRED. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be

accompanied by a pleading that sets out the claim or defense for which intervention is sought.

### NOTES

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec. 1, 2007.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1937

The right to intervene given by the following and similar statutes is preserved, but the procedure for its assertion is governed by this rule:

U.S.C., Title 28:

§45a [now 2323] (Special attorneys; participation by Interstate Commerce Commission; intervention) (in certain cases under interstate commerce laws)

§48 [now 2322] (Suits to be against United States; intervention by United States)

§401 [now 2403] (Intervention by United States; constitutionality of Federal statute)

U.S.C., Title 40:

§276a–2(b) [now 3144] (Bonds of contractors for public buildings or works; rights of persons furnishing labor and materials).

Compare with the last sentence of [former] Equity Rule 37 (Parties Generally—Intervention). This rule amplifies and restates the present federal practice at law and in equity. For the practice in admiralty see Admiralty Rules 34 (How Third Party May Intervene) and 42 (Claims Against Proceeds in Registry). See generally Moore and Levi, *Federal Intervention: I The Right to Intervene and Reorganization* (1936), 45 Yale L.J. 565. Under the codes two types of intervention are provided, one for the recovery of specific real or personal property (2 Ohio Gen.Code Ann. (Page, 1926) §11263; Wyo.Rev.Stat.Ann. (Courtright, 1931) §89–522), and the other allowing intervention generally when the applicant has an interest in the matter in litigation (1 Colo.Stat.Ann. (1935) Code Civ.Proc. §22; La.Code Pract. (Dart, 1932) Arts. 389–394; Utah Rev.Stat.Ann. (1933) §104–3–24). The English intervention practice is based upon various rules and decisions and falls into the two categories of absolute right and discretionary right. For the absolute right see English Rules Under the Judicature Act (The Annual Practice, 1937) O. 12, r. 24 (admiralty), r. 25 (land), r. 23 (probate); O. 57, r. 12 (execution); J. A. (1925) §§181, 182, 183(2) (divorce); *In re Metropolitan Amalgamated Estates, Ltd.*, (1912) 2 Ch. 497 (receivership); *Wilson v. Church*, 9 Ch.D. 552 (1878) (representative action). For the discretionary right see O. 16, r. 11 (nonjoinder) and *Re Fowler*, 142 L. T. Jo. 94 (Ch. 1916), *Vavasseur v. Krupp*, 9 Ch.D. 351 (1878) (persons out of the jurisdiction)

## WILL NOTES OF ADVISORY COMMITTEE ON RULES—1966 AMENDMENT

In attempting to overcome certain difficulties which have arisen in the application of present Rule 24(a)(2) and (3), this amendment draws upon the revision of the related Rules 19 (joinder of persons needed for just adjudication) and 23 (class actions), and the reasoning underlying that revision.

Rule 24(a)(3) as amended in 1948 provided for intervention of right where the applicant established that he would be adversely affected by the distribution or disposition of property involved in an action to which he had not been made a party. Significantly, some decided cases virtually disregarded the language of this provision. Thus Professor Moore states: "The concept of a fund has been applied so loosely that it is possible for a court to find a fund in almost any in personam action." 4 *Moore's Federal Practice*, par. 24.09[3], at 55 (2d ed. 1962), and see, e.g., *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52 (9th Cir. 1960). This development was quite natural, for Rule 24(a)(3) was unduly restricted. If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene, and his right to do so should not depend on whether there is a fund to be distributed or otherwise disposed of. Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(2)(i) on joinder of persons needed for a just adjudication: where, upon motion of a party in an action, an absentee should be joined so that he may protect his interest which as a practical matter may be substantially impaired by the disposition of the action, he ought to have a right to intervene in the action on his own motion. See Louisell & Hazard, *Pleading and Procedure: State and Federal* 749–50 (1962).

The general purpose of original Rule 24(a)(2) was to entitle an absentee, purportedly represented by a party, to intervene in the action if he could establish with fair probability that the representation was inadequate. Thus, where an action is being prosecuted or defended by a trustee, a beneficiary of the trust should have a right to intervene if he can show that the trustee's representation of his interest probably is inadequate; similarly a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court.

Original Rule 24(a)(2), however, made it a condition of intervention that "the applicant is or may be bound by a judgment in the action," and this created difficulties with intervention in class actions. If the "bound" language was read literally in the sense of res judicata, it could defeat intervention in some meritorious cases. A member of a class to whom a judgment in a class action extended by its terms (see Rule 23(c)(3), as amended) might be entitled to show in a later action, when the judgment in the class action was claimed to operate as res judicata against him, that the "representative" in the class action had not in fact adequately represented him. If he could make this showing, the class-action judgment might be held not to bind him. See *Hansberry v. Lee*, 311 U.S. 32

(1940). If a class member sought to intervene in the class action proper, while it was still pending, on grounds of inadequacy of representation, he could be met with the argument: if the representation was in fact inadequate, he would not be "bound" by the judgment when it was subsequently asserted against him as res judicata, hence he was not entitled to intervene; if the representation was in fact adequate, there was no occasion or ground for intervention. See *Sam Fox Publishing Co. v. United States*, 366 U.S. 683 (1961); cf. *Sutphen Estates, Inc. v. United States*, 342 U.S. 19 (1951). This reasoning might be linguistically justified by original Rule 24(a)(2); but it could lead to poor results. Compare the discussion in *International M. & I. Corp. v. Von Clemm*, 301 F.2d 857 (2d Cir. 1962); *Atlantic Refining Co. v. Standard Oil Co.*, 304 F.2d 387 (D.C.Cir. 1962). A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.

The amendment provides that an applicant is entitled to intervene in an action when his position is comparable to that of a person under Rule 19(a)(2)(i), as amended, unless his interest is already adequately represented in the action by existing parties. The Rule 19(a)(2)(i) criterion imports practical considerations, and the deletion of the "bound" language similarly frees the rule from undue preoccupation with strict considerations of res judicata.

The representation whose adequacy comes into question under the amended rule is not confined to formal representation like that provided by a trustee for his beneficiary or a representative party in a class action for a member of the class. A party to an action may provide practical representation to the absentee seeking intervention although no such formal relationship exists between them, and the adequacy of this practical representation will then have to be weighed. See *International M. & I. Corp. v. Von Clemm*, and *Atlantic Refining Co. v. Standard Oil Co.*, both supra; *Wolpe v. Poretsky*, 144 F.2d 505 (D.C.Cir. 1944), cert. denied, 323 U.S. 777 (1944); cf. *Ford Motor Co. v. Bisanz Bros.*, 249 F.2d 22 (8th Cir. 1957); and generally, Annot., 84 A.L.R.2d 1412 (1961).

An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.

### Notes of Advisory Committee on Rules—1987 Amendment

The amendments are technical. No substantive change is intended.

### Notes of Advisory Committee on Rules—1991 Amendment

Language is added to bring Rule 24(c) into conformity with the statute cited, resolving some confusion reflected in district court rules. As the text provides, counsel challenging

the constitutionality of legislation in an action in which the appropriate government is not a party should call the attention of the court to its duty to notify the appropriate governmental officers. The statute imposes the burden of notification on the court, not the party making the constitutional challenge, partly in order to protect against any possible waiver of constitutional rights by parties inattentive to the need for notice. For this reason, the failure of a party to call the court's attention to the matter cannot be treated as a waiver.

### COMMITTEE NOTES ON RULES—2006 AMENDMENT

New Rule 5.1 replaces the final three sentences of Rule 24(c), implementing the provisions of 28 U.S.C. §2403. Section 2403 requires notification to the Attorney General of the United States when the constitutionality of an Act of Congress is called in question, and to the state attorney general when the constitutionality of a state statute is drawn into question.

### COMMITTEE NOTES ON RULES—2007 AMENDMENT

The language of Rule 24 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The former rule stated that the same procedure is followed when a United States statute gives a right to intervene. The statement is deleted because it added nothing.

‹ Rule 23.2. Actions Relating to Unincorporated Associations up Rule 25. Substitution of Parties ›