

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**COURTS & JUDICIAL AFFAIRS**

**ANTHONY G. BROWN**
*Attorney General*

**KEVIN M. COX**
*Chief Counsel*
*Courts & Judicial Affairs Division*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**KATHRYN HUMMEL**
*Assistant Attorney General*

July 15, 2024

<u>Via CM/ECF</u>
The Honorable Lydia Kay Griggsby
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Ademiluyi v. Maryland Commission on Judicial Disabilities, et al.*
           Case No. 8:23-cv-03526-LKG

Dear Hon. Judge Griggsby:

    Pursuant to the case management order (ECF No. 7), I write to respectfully request a pre-motion conference and approval to file certain motions on behalf of Defendants Judge Sheila T. Adams, Judge Daneeka V. Cotton, and Judge Michael R. Pearson (the "Judge Defendants").

**<u>Background</u>**

    The allegations here stem from various underlying proceedings, including those in which the Supreme Court of Maryland ultimately removed April Ademiluyi as a judge of the Circuit Court for Prince George's County in *Matter of Ademiluyi*, 487 Md. 133 (2024). In this suit, Ms. Ademiluyi has sued her former colleagues who participated as informants and witnesses in that matter, as well as the Maryland Commission on Judicial Disabilities (the "Commission")—the constitutionally-created State body that assists in monitoring judicial conduct—and the Commission's Chair. Ms. Ademiluyi filed this action as a self-represented litigant on December 29, 2023, against the Defendant Judges. (ECF No. 1.) Ms. Ademiluyi then filed an amended complaint on January 1, 2024 (ECF No. 4), and a second amended complaint through counsel on May 16, 2024, which added the Commission and its Chair, the Hon. Judge Anne K. Albright (the "Commission Defendants"[1]), as defendants (ECF No. 11).

    In Count I, Ms. Ademiluyi alleges that when she filed complaints against the Defendant Judges, they retaliated by filing complaints against her, in violation of her First Amendment rights. She seeks compensatory damages, punitive damages, and attorneys' fees against the Judge

---
[1] The Commission Defendants are represented by Rachel L. Stewart.

Defendants.  In Count II, Ms. Ademiluyi challenges the constitutionality of the Commission Defendants' actions, and she alleges again that the Defendant Judges retaliated against her in violation of her First Amendment rights.  She seeks a declaration that all of the Defendants acted unconstitutionally, as well as an injunction against the Commission Defendants.  In Count III, Ms. Ademiluyi alleges that in her Commission matter, the Commission unconstitutionally applied the confidentiality clause of Maryland Rule 18-407, and she seeks a declaration that Maryland Rule 18-407 is unconstitutional as applied to her.

### **Defendant Judges' Motions Sought**

The Defendant Judges seek to file a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), in which they intend to advance various grounds, including those as outlined below.

First, this Court should abstain from involvement in a suit that, in spite of its labels, effectively requests federal court review of certain judicial disciplinary matters that were exclusively within the jurisdiction of the Supreme Court of Maryland.  Md. Const. art. IV, § 4B; *see Konan v. Sengel*, 239 F. App'x 780, 781 (4th Cir. 2007) (under the *Rooker-Feldman* doctrine, state disciplinary board's ruling not subject to review by federal court); *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 707 (1996) (abstention based on *Burford* doctrine appropriate where "adjudication in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern'") (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976)); *Ulmet v. United States*, 888 F.2d 1028, 1035 (4th Cir. 1989) (principles of comity and efficiency implicated where one court is asked to provide relief from actions in another court) (citing *Colorado River*, 424 U.S. at 817).[2]

Second, the Defendant Judges are entitled to absolute immunity.  The alleged acts here stem directly from the Defendant Judges' judicial responsibilities, *see* Md. Rule 18-202.15(b) (outlining judges' relevant duties), and stem directly from their roles as informants and witnesses in Ms. Ademiluyi's judicial disciplinary matter, s*ee* ABA Model Rules for Judicial Disciplinary Enforcement, Rule 12 (communications and testimony to judicial disciplinary bodies should be "absolutely privileged, and no civil lawsuit predicated thereon may be instituted against any complainant or witness"); *see also Mathis v. Goldberg*, 538 F. App'x 310, 311 (4th Cir. 2013) (witnesses "absolutely immune from damages for their testimony given in legal proceedings"); *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (witness sued under § 1983 "has absolute immunity with respect to any claim based on the witness's testimony") (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)).  Because a "loser in one forum" often seeks another forum and then accuses the "participants in the first with unconstitutional animus . . . [a]bsolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978) (citations omitted).

Third, the Defendant Judges are entitled to sovereign immunity or, alternatively, to qualified immunity.  As to sovereign immunity, although Ms. Ademiluyi labels this as a "personal capacity" suit, her label is not dispositive, *see Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir.

---

[2] To the extent there are or were at the time of filing ongoing disciplinary matters, abstention under the *Younger* doctrine is also appropriate.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 423 (1982) (ongoing disciplinary proceedings within State jurisdiction).

2018) ("mere incantation" of term not enough to transform official into individual capacity (internal citations omitted)), and the suit is more properly interpreted as an official capacity suit, thus entitling the Defendant Judges to sovereign immunity. *See Martin v. Wood*, 772 F.3d 192, 196 (4th Cir. 2014) (sovereign immunity applied to officials sued in individual capacity). Alternatively, if this suit is deemed an individual capacity suit against the Defendant Judges, they are entitled to qualified immunity, which protects government officials from liability when their "conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014). Qualified immunity is not only a defense to liability, but "also intended to free officials from litigation concerns and disruptive discovery." *Atkinson v. Godfrey*, 100 F.4th 498, 504 (4th Cir. 2024) (citations omitted). Here, the alleged acts, *i.e.*, reporting and/or testifying to suspected judicial misconduct, did not violate any clearly established constitutional rights that could defeat qualified immunity.

The complaint should also be dismissed because it does not sufficiently plead First Amendment retaliation, which requires engagement in protected speech, an adverse action, and a causal relationship. *Jones v. Solomon*, 90 F.4th 198, 213 (4th Cir. 2024). Among other deficiencies, the amended complaint does not properly plead an "adverse action" committed by the Defendant Judges because the at-issue actions, *on their own*, had no punitive effect on Ms. Ademiluyi. *See Bhattacharya v. Murray*, 93 F.4th 675, 689 (4th Cir. 2024) (report of unprofessional conduct not adverse action where action may have prompted review of the conduct, but it did not *on its own* contain a punitive effect); *Velez v. Levy*, 401 F.3d 75, 99 (2d Cir. 2005) (where defendants had no legal authority to oust board member, but rather "set into motion" an investigation of the board member's conduct, "those actions cannot support a First Amendment retaliation claim."). Further, Ms. Ademiluyi's act of reporting a suspected ethical violation related to the alleged forged order constituted performance of an official duty, not speech protected by the First Amendment. *See Henderson v. City of Flint, Michigan*, 751 F. App'x 618, 623 (6th Cir. 2018) (no protected First Amendment speech where professional duty to report unlawful or unethical behavior).

The Defendant Judges also respectfully request permission to file a motion to seal certain documents filed as exhibits by Ms. Ademiluyi in this matter, as they are confidential under Maryland Rule 18-407.

### **Communications**

On July 11, 2024, all counsel had a telephone conference. The undersigned counsel informed Ms. Ademiluyi's counsel that the Defendant Judges intended to seek permission to file a motion to dismiss and a motion to seal. On July 15, 2024, counsel for Ms. Ademiluyi confirmed to the undersigned counsel that the changes contemplated as set forth in ECF No. 19 will not change the claims and/or allegations against the Defendant Judges. Thank you.

Very truly yours,<br>
*Kathryn Hummel*<br>
Assistant Attorney General

cc:   Ray Shepard; Rachel Stewart