

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

**STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL
COURTS & JUDICIAL AFFAIRS**

**ANTHONY G. BROWN**
*Attorney General*

**KEVIN M. COX**
*Principal Counsel*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**RACHEL L. STEWART**
*Assistant Attorney General*

July 22, 2024

<u>Via CM/ECF</u>
The Honorable Lydia Kay Griggsby
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *Ademiluyi v. The Maryland Commission on Judicial Disabilities, et al.*
    Case No. 8:23-cv-03526-LKG
    Request for Pre-Motion Conference / Notice of Intent to File Motion

Dear Judge Griggsby:

  Pursuant to the case management order dated January 18, 2024, I write to respectfully request a pre-motion conference and/or to seek approval to file a motion to dismiss on behalf of defendant the Hon. Anne Albright, sued solely in her official capacity as the Chair of the Maryland Commission on Judicial Disabilities ("Judge Albright").

### **<u>Background</u>**

  Plaintiff April T. Ademiluyi, a now former judge for the Circuit Court for Prince George's County, Maryland,[1] filed an initial complaint on December 29, 2023 against three judges of the Circuit Court for Prince George's County, Maryland. (ECF No. 1.) In her complaint against Hon. Sheila Tillerson Adams,[2] the Hon. Daneeka Varner Cotton and the Hon. Michael Ray Pearson (collectively "State Court Judges"), Plaintiff alleged that the State Court Judges violated her First Amendment rights and asserted causes of action pursuant to 42 U.S.C. §§ 1983, 1985, 1986. (ECF No. 1.) Plaintiff amended her complaint on January 1, 2024 (ECF No. 4) and again on May 16, 2024 (ECF No. 11). In her second amended complaint, Plaintiff added the Maryland Commission on Judicial Disabilities (the "Commission") and the Chair of the Maryland Commission on Judicial Disabilities, Judge Albright, as party defendants. (ECF No. 11, at ¶¶ 9-10.)

---

  [1] Plaintiff was removed from the bench by Order of the Supreme Court of Maryland on May 6, 2024.

  [2] Judge Adams retired from the bench on December 31, 2022.

Plaintiff's claims against Judge Albright as the Chair of the Commission (which has the duty to monitor, investigate, conduct hearings and issue reprimands or other recommendations for disciplining of a judge to the Supreme Court of Maryland (Md. Const. Art. IV, Sec. 4B; Md. Rules 18-401, et seq.)) arise out of three alleged cases in which Plaintiff is the subject. Plaintiff asserts that the State Court Judges retaliated against Plaintiff after she filed complaints with the Commission against Judge Tillerson Adams and Judge Cotton. (ECF No. 11, at ¶¶ 19, 24-5.) Specifically, she claims that Judge Tillerson Adams reported Plaintiff to the Commission in retaliation for Plaintiff's complaint against Judge Tillerson Adams resulting in case CJD-2022-079 (ECF No. 11, at ¶ 19); she claims that case CJD-2023-005 was initiated by the Commission following Judge Cotton's statements to Investigative Counsel for the Commission in case CJD-2022-079 (ECF No. 11, at ¶ 24); finally, she claims that a third case was initiated by the Commission, CJD-2024-007, as a result of Plaintiff's request for sick leave due to the stress of the other two cases before the Commission (ECF No. 11, at ¶ 39). Plaintiff seeks declaratory and injunctive relief against Judge Albright.[3] In particular, Plaintiff seeks a declaration that all defendants "unlawfully caused Ademiluyi to be charged with sanctionable misconduct in CJD 2022-079 and CJD 2023-005 in retaliation for Ademiluyi's exercise of her First Amendment right to file complaints . . . with the [Commission]"[4] and the federal court and that the Commission cases are "barred by the First Amendment's prohibition of retaliation for the exercise of protected speech." (ECF No. 11, at 14.) Plaintiff also seeks to enjoin Judge Albright from taking any further actions in the three cases before the Commission involving Plaintiff. (ECF No. 11, at 14.)

**Motion to Dismiss**

Judge Albright seeks to file a motion to dismiss Count II of the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), on various grounds, including those briefly discussed below.

**Lack of Subject Matter Jurisdiction.** The suit is barred by Eleventh Amendment immunity. Judge Albright is entitled to Eleventh Amendment immunity, which bars suits in federal court against States, state agencies, and state officials acting in an official capacity, unless Congress abrogates the immunity, or the State waives it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalfe & Easy, Inc.*, 506 U.S. 139, 144-45 (1993). The State of Maryland has not waived its sovereign immunity, nor has the State's sovereign immunity been abrogated by any of the legal theories advanced by plaintiff. Further, the exception to sovereign immunity articulated in *Ex parte Young*, 209 U.S. 123 (1908) does not apply because Judge Albright cannot provide the relief requested.

Furthermore, Count II should be dismissed based on abstention. In Count II, what Plaintiff asserts is a "constitutional challenge" is in reality an attempt to relitigate and/or appeal a judicial disciplinary matter, which rested within the *exclusive* jurisdiction of the Supreme Court of Maryland and was properly pending, and then decided, in *Matter of Ademiluyi*, 487 Md. 133 (2024). Abstention is appropriate here because the underlying disciplinary proceedings were

---

[3] Although Count II is asserted against both the Commission and Judge Albright (in addition to the State Court Judges), Plaintiff has filed a Notice of Voluntary Dismissal against the Commission. (ECF No. 22.)

[4] Plaintiff uses the term "State," however, such term is undefined and based on context, it is believed plaintiff is referring to the Commission.

judicial in nature, implicated important state interests, and provided adequate opportunity for Ms. Ademiluyi to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The substance of Count II is an allegation that the State of Maryland misapplied the Maryland Rules in Plaintiff's judicial disciplinary matter. (ECF No. 11, at ¶ 53.) It is not the appropriate role of this Court to assess this.

Additionally, the Court lacks jurisdiction over this matter because Plaintiff lacks standing and the Commission, of which Judge Albright is the Chair, no longer has jurisdiction over Plaintiff because she has been removed from the bench. Plaintiff's claims are also moot in light of the decision of the Supreme Court of Maryland in *Matter of Ademiluyi*, 487 Md. 133 (2024) and Plaintiff's removal from the bench.

**Failure to State a Claim.** The complaint should also be dismissed based on a failure to state a claim upon which relief can be granted. Rule 12(b)(6). As discussed by the State Court Judges in their letter requesting a pre-motion conference/notice of intent to file a motion, Plaintiff does not sufficiently plead First Amendment retaliation. (*See* ECF No. 21, at 3.) Specifically, Plaintiff's acts of reporting suspected unethical behavior of the State Court Judges is not speech protected by the First Amendment. *See Henderson v. City of Flint, Michigan*, 751 F.App'x 618, 623 (6th Cir. 2018).

### Communications with Plaintiff's Counsel Related to this Request

On July 11, 2024, counsel for the Plaintiff, Ray Shepard, and the undersigned discussed the motion requested to be filed herein. Additional conversations occurred with Mr. Shepard on July 12, 2024 and July 18, 2024. In the July 18, 2024 conversation, Mr. Shepard indicated that he intended to dismiss both the Commission and Judge Albright. He later recanted his willingness to dismiss Judge Albright and, after further communication on July 22, 2024, advised that he would only be dismissing the Commission. A briefing schedule was discussed on July 11, 2024, and in light of the schedules of counsel, the parties propose a briefing schedule as follows:

Judge Albright to file her Motion to Dismiss by August 22, 2024;

Plaintiff to respond to Judge Albright's motion by September 30, 2024;

Judge Albright to file her reply to plaintiff's opposition/response by October 18, 2024.

Thank you for your time and attention.

Very truly yours,

*Rachel L. Stewart*

Assistant Attorney General

cc: counsel of record (via electronic mail and regular mail)