**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

APRIL T. ADEMILUYI,                                    *

          *Plaintiff,*                            *

    v.                                                      *          Case No. 8:23-cv-03526-LKG

HON. ANNE K. ALBRIGHT, ET AL.,     *

          *Defendants*.                          *

   *     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

      Defendants Judge Sheila Tillerson Adams, Judge Daneeka V. Cotton, and Judge Michael R. Pearson submit this memorandum in support of their motion to dismiss amended complaint (ECF No. 11).

                                     ANTHONY G. BROWN
                                     Attorney General of Maryland

                                     */s/ Kathryn Hummel*
                                     _____
                                     KATHRYN HUMMEL
                                     Federal Bar No. 21991
                                     Assistant Attorney General
                                     Office of the Attorney General
                                     200 Saint Paul Place, 20th Floor
                                     Baltimore, Maryland  21202
                                     khummel@oag.state.md.us
                                     (410) 576-6341
                                     (410) 576-6055 (facsimile)
                                     *Attorneys for Defendants*
                                     *Judge Sheila Tillerson Adams,*
                                     *Judge Daneeka V. Cotton, and*

August 22, 2024                          *Judge Michael R. Pearson*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

FACTS ................................................................................................................. 1

    THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND ...................... 1

    JUDICIAL CONDUCT AND DISCIPLINE OF THE STATE'S JUDGES ............................... 2

    THE MARYLAND COMMISSION ON JUDICIAL DISABILITIES ...................................... 2

    THE JUDICIAL INQUIRY BOARD ............................................................................. 3

    THE JUDICIAL DISCIPLINARY PROCESS .................................................................. 3

    APRIL T. ADEMILUYI ............................................................................................ 6

    THE CURRENT LAWSUIT ....................................................................................... 7

ARGUMENT ......................................................................................................... 8

I.    STANDARD OF REVIEW. ............................................................................... 8

II.   THE COURT SHOULD ABSTAIN FROM REVIEWING JUDICIAL DISCIPLINARY
    MATTERS EXCLUSIVELY WITHIN THE JURISDICTION OF THE SUPREME COURT
    OF MARYLAND. ............................................................................................ 9

III.  THE JUDGE DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY. .................... 11

IV.  THE JUDGE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY OR, IN
    THE ALTERNATIVE, QUALIFIED IMMUNITY. .......................................................... 13

V.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM OF FIRST AMENDMENT
    RETALIATION. ............................................................................................... 14

CONCLUSION ......................................................................................................... 17

## INTRODUCTION

This suit was filed by April T. Ademiluyi while judicial disciplinary matters were pending against her in the State of Maryland (the "State").  In this suit, as she did in her underlying disciplinary matter, Ademiluyi claims that her judicial colleagues retaliated against her by filing disciplinary complaints against her and by participating in her disciplinary matter.  While this suit has been pending, Ademiluyi was removed from office as a judge. *Matter of Ademiluyi*, 487 Md. 133 (2024); *Matter of Ademiluyi*, ___ Md. ____, No. 2, Sept. Term, 2023, 2024 WL 3823663 (Aug. 15, 2024).

This Court should abstain from involvement in a suit that, in spite of its labels, effectively requests federal court review of judicial disciplinary matters that were exclusively within the jurisdiction of the Supreme Court of Maryland.  Md. Const. art. IV, § 4B.  Further, Defendants Judge Sheila Tillerson Adams, Judge Daneeka V. Cotton, and Judge Michael R. Pearson are entitled to immunity for the actions alleged against them in this suit.  And finally, the claims against Defendants Judge Sheila Tillerson Adams, Judge Daneeka V. Cotton, and Judge Michael R. Pearson must be dismissed for failure to state a claim, where Ademiluyi failed to properly plead various elements of a viable First Amendment retaliation claim.

## FACTS

### The Circuit Court for Prince George's County, Maryland

The State of Maryland's circuit courts are its highest common-law and equity trial courts, with jurisdiction over civil, criminal, and juvenile cases.  Md. Const. art. IV, § 20;

Md. Code Ann., Cts. & Jud. Proc. § 1-501 (LexisNexis 2011).  Each of Maryland's twenty-three counties and its one city (Baltimore City) has one circuit court.

**Judicial Conduct and Discipline of the State's Judges**

The State's judges, including its circuit court judges, are subject to the provisions of the Maryland Code of Judicial Conduct, codified in the Maryland Rules in Title 18, Chapter 100.

The State's judges are also subject to the Maryland Rules on Judicial Discipline, codified in the Maryland Rules at Title 18, Chapter 400.  The judicial disciplinary process is a multi-layered process that involves several State entities, including the Maryland Commission on Judicial Disabilities, the Judicial Inquiry Board, and the Supreme Court of Maryland, which is the State's highest court.

**The Maryland Commission on Judicial Disabilities**

The Maryland Commission on Judicial Disabilities (the "Commission") was constitutionally created.  Md. Const. art. IV, § 4A.  Its purpose is to "maintain public confidence in the integrity, independence, and impartiality of judges and the judicial system."  Md. Rule 18-401(b).  The Commission does this by enforcing conduct standards, balancing independence and accountability, reassuring and enlightening the public, providing a forum for investigations, responding to sanctionable conduct, assisting judges who have committed minor and/or unintended violations, and "protecting judges from false, unfounded, and inaccurate accusations that can damage their reputations."  *Id*.

The Commission has eleven members who are appointed by the Governor of Maryland, with the advice and consent of the State Senate.  *Id*.  Defendant Judge Anne K.

Albright is currently the Chair of the Commission.  Generally, the Commission has the power to investigate complaints against judges, conduct hearings concerning complaints, issue reprimands, and make recommendations to the Supreme Court of Maryland.  Md. Const. art. IV, § 4B.

The Commission employs an Executive Counsel and an Investigative Counsel.  Md. Rule 18-411.  Investigative Counsel is an attorney who is appointed by the Commission and approved by the Supreme Court of Maryland.  Md. Rule 18-411(e)(1).  As outlined below, Investigative Counsel has various powers and duties in the judicial disciplinary process, including making written reports and recommendations to the Judicial Inquiry Board and the Commission.  Md. Rule 18-411(e)(2).

**The Judicial Inquiry Board**

The Judicial Inquiry Board consists of two judges, two attorneys, and three members of the public; the Supreme Court of Maryland appoints all its members.  Md. Rule 18-412. The Judicial Inquiry Board participates in the judicial disciplinary process by monitoring the investigative process and making recommendations to the Commission.  *Matter of White*, 451 Md. 630, 636-37 (2017).

**The Judicial Disciplinary Process**

The Supreme Court of Maryland created the detailed rules that govern the judicial disciplinary process.  *Matter of White*, 451 Md. 630, 636 (2017).  When the Commission receives a properly filed complaint of judicial misconduct, it dockets the complaint.  Md. Rule 18-421(e).   The Commission refers all cognizable complaints to Investigative Counsel.  Md. Rule 18-421(a).  Investigative Counsel may then make an inquiry by

3

interviewing witnesses, reviewing public records and transcripts, and communicating with the judge.  Md. Rule 18-421(f).  An inquiry may result in either the file being closed or an investigation.  *Id*.

If a complaint proceeds, Investigative Counsel has 90 days to investigate, which may be extended for good cause.  Md. Rule 18-422(a)(6).  Upon request, the Judicial Inquiry Board may authorize Investigative Counsel to issue subpoenas to compel the attendance of witnesses and the production of documents.  Md. Rule 18-409.1(a).  When an investigation is complete, Investigative Counsel must write a detailed written report.  Md. Rule 18-422(b).  The report must include factual information, legal analysis, and recommendations.  Md. Rule 18-422(b)(2).  Investigative Counsel's recommendation may be (1) dismissal without a letter of cautionary advice, (2) dismissal with a letter of cautionary advice, (3) a conditional diversion agreement, (4) a reprimand, (5) the filing of charges, or (6) retirement of the judge based on a finding of disability.  *Id*.

If Investigative Counsel recommends the filing of charges, she submits her report to the Judicial Inquiry Board.  Md. Rule 18-422(b)(3)(C).  The Judicial Inquiry Board must then review the Investigative Counsel's report; it may also meet informally with the judge, convene a peer review panel, and/or direct Investigative Counsel to conduct further investigation.  Md. Rule 18-423.  The Judicial Inquiry Board then submits a report and recommendation to the Commission and serves a copy on the judge and Investigative Counsel, who each have an opportunity to respond.  *Id*.

The judge may then request a non-evidentiary appearance before the Commission.  *Id*.  Upon reviewing the Judicial Inquiry Board's report and any responses thereto, the

4

Commission must then recommend either (1) further investigation, (2) a remand to the Judicial Inquiry Board, (3) dismissal, (4) a conditional diversion agreement, reprimand, or retirement, (5) the entering of a written consent disposition, or (6) the filing of charges. Md. Rule 8-423(f)(3).

If the Commission finds probable cause to believe sanctionable conduct has occurred, and it thus recommends the filing of charges, the Commission may direct Investigative Counsel to file charges. Md. Rule 18-431(a). Investigative Counsel serves the judge with the charges, who then has an opportunity to respond. Md. Rule 18-431. The judge has various procedural rights, Md. Rule 18-832, and specific discovery rules govern the process. Md. Rule 18-433.

The Commission then conducts a recorded evidentiary hearing. Md. Rule 18-434. If the Commission finds that the judge committed sanctionable conduct, and other dispositions are not appropriate, the Commission can issue a reprimand or refer the matter to the Supreme Court of Maryland. Md. Rule 18-435(e). At that time, the Supreme Court of Maryland dockets the matter for expedited consideration. Md. Rule 18-437(a).

The judge has 30 days to file exceptions to the Commission's findings, conclusions, and recommendations. Md. Rule 18-437(b). The Commission then has an opportunity to respond to the exceptions and the Supreme Court of Maryland may schedule briefing and a hearing. Md. Rule 18-437. The Supreme Court of Maryland may impose the disposition recommended by the Commission, dismiss the proceeding, or remand the matter for further proceedings. *Id*. The Supreme Court of Maryland may also remove the judge from the bench. Md. Const. art. IV, § 4B.

5

**April T. Ademiluyi**

Subsequent to an election, April T. Ademiluyi was sworn in as a Judge in the Circuit Court for Prince George's County, Maryland, on December 18, 2020. *Matter of Ademiluyi*, 2024 WL 3823663, at *4, n.6. Almost immediately, there were issues with her training compliance, attendance, timeliness, and professional interactions. *Id*. at *5-10. On January 5, 2022, the Commission issued a letter of cautionary advice to Ademiluyi; however, the concerns expressed therein, and others, persisted. *Id*. at *9-16.

On June 29, 2023, Investigative Counsel filed public charges against Ademiluyi. *Id*. at *39. A public hearing was held on December 13, 14, 20, and 21, 2023. *Id*. at *2. On February 15, 2024, the Commission issued its findings of fact, conclusions of law, order and recommendations, which found that Ademiluyi committed sanctionable conduct and referred the matter to the Supreme Court of Maryland. *Id*. at *2-3. The sanctionable conduct related to several areas of concern, including but not limited to campaign activity, non-compliance with training, and interactions with her law clerk and other staff. *Id*. at *2-9.

Subsequent to oral argument, the Supreme Court of Maryland ordered that Ademiluyi be immediately removed from office as a judge, effective May 6, 2023. *Matter of Ademiluyi*, 487 Md. 133 (2024). In a subsequent and thorough opinion, the Supreme Court of Maryland affirmed the Commission's conclusions that Ademiluyi violated various tenants of the Judicial Code. *Ademiluyi*, 2024 WL 3823663, at *18-44.

**The Current Lawsuit**

Ademiluyi filed this action as a self-represented litigant on December 29, 2023, against Defendants Judge Sheila Tillerson Adams, Judge Daneeka V. Cotton, and Judge Michael R. Pearson (the "Judge Defendants").  (ECF No. 1.)  Ademiluyi then filed an amended complaint on January 1, 2024 (ECF No. 4), and a second amended complaint through counsel on May 16, 2024, which added the Commission and its Chair, Judge Albright, as defendants (ECF No. 11).[1]  At Ademiluyi's request, this Court dismissed all claims against the Commission without prejudice on July 26, 2024.  (ECF No. 25.)

In Count I of the second amended complaint, Ademiluyi alleges that when she filed complaints against the Judge Defendants, they retaliated by filing complaints against her, in violation of her First Amendment rights.  (ECF No. 11.)  She seeks compensatory damages, punitive damages, and attorneys' fees against the Judge Defendants.  (*Id.*)  In Count II, Ademiluyi challenges the constitutionality of the Commission's actions, and she alleges again that the Judge Defendants retaliated against her in violation of her First Amendment rights.  (*Id.*)  She seeks a declaration that all of the Defendants acted unconstitutionally, as well as an injunction against the Commission.  (*Id.*)  In Count III, which is now moot in light of the claims against the Commission being subsequently dismissed, Ademiluyi alleged that the Commission unconstitutionally applied the

---

[1] The Judge Defendants base their motion to dismiss on the second amended complaint being the operative pleading.

confidentiality clause of Maryland Rule 18-407 in her Commission matter, and she sought a declaration that Maryland Rule 18-407 is unconstitutional as applied to her.  (*Id.*)

## ARGUMENT

### I. STANDARD OF REVIEW.

Under Rule 12(b)(1), a plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).  "[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction."  *Cunningham v. General Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (citation omitted).

Under Rule 12(b)(6), a complaint is properly dismissed if it fails to state a claim upon which relief can be granted.  A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The "plausibility" standard for complaints demands "more than a sheer possibility that a defendant has acted unlawfully."  *Twombly*, 550 U.S. at 556.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 678-79 (2009).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual

allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirecTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). In addition to considering the complaint itself, the Court can consider "matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and of unquestioned authenticity." *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017) (citations omitted).

## II. THE COURT SHOULD ABSTAIN FROM REVIEWING JUDICIAL DISCIPLINARY MATTERS EXCLUSIVELY WITHIN THE JURISDICTION OF THE SUPREME COURT OF MARYLAND.

This Court should abstain from involvement in a suit that, in spite of its labels, effectively requests federal court review of certain judicial disciplinary matters that were exclusively within the jurisdiction of the Supreme Court of Maryland. Md. Const. art. IV, § 4B; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 707 (1996) (abstention based on *Burford* doctrine appropriate where "adjudication in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern'") (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976)).

To the extent there were at the time of filing ongoing relevant disciplinary matters, abstention under the *Younger* doctrine is appropriate. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 436-37 (1982) (abstention appropriate where ongoing disciplinary proceedings within State jurisdiction provided "an adequate state forum for all relevant issues"); *see also Rickhoff v. Willing*, No. SA-10-CA-140-XR, 2010

WL 4053607, at *8 (W.D. Tex. Oct. 14, 2010) (". . . had the Court enjoined the investigation and other proceedings before the Commission concerning the . . . allegations at the time suit was filed, it would have been directly interfering with the state proceedings in contravention of the comity principles of *Younger*"), *aff'd*, 457 F. App'x 355 (5th Cir. 2012). To the extent the disciplinary matter has concluded, abstention is appropriate under the principles of comity and efficiency, and under the *Rooker-Feldman* and *Colorado River* abstention doctrines. *See Konan v. Sengel*, 239 F. App'x 780, 781 (4th Cir. 2007) (under the *Rooker-Feldman* doctrine, state disciplinary board's ruling not subject to review by federal court); *Ulmet v. United States*, 888 F.2d 1028, 1035 (4th Cir. 1989) (principles of comity and efficiency implicated where one court is asked to provide relief from actions in another court) (citing *Colorado River*, 424 U.S. at 817).

In the underlying disciplinary matter, Ademiluyi made similar claims she now attempts to make in this suit, *i.e.*, that her colleague-judges allegedly retaliated against her by filing complaints against her with the Commission. *Matter of Ademiluyi*, 2024 WL 3823663, at *17-18, *30, n.22. Within its exclusive jurisdiction to address judicial disciplinary matters, the Supreme Court of Maryland addressed these allegations. *Id*. The Supreme Court of Maryland found it clear that Ademiluyi "had engaged in a pattern of misconduct long before she made a complaint about [Judge Tillerson Adams or Judge Cotton], and that she potentially filed the complaints only after having received the Letter of Cautionary Advice." *Id*. at *30, n.22. The Supreme Court of Maryland went on to state: "[T]o the extent Judge Ademiluyi made complaints about Judge Tillerson Adams and Judge Cotton, she did so only after a protracted period of time in which she had already

failed to cooperate with Judge Tillerson Adams and other judges with respect to the training required for a new judge and other matters, and after Judge Tillerson Adams had been attempting to address the matters with her." *Id*.

## III.   THE JUDGE DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY.

The Judge Defendants are entitled to absolute immunity because the acts alleged against them in this suit stem directly and exclusively from judicial responsibilities and from the Judge Defendants' roles in judicial disciplinary matters.  In this suit, the Judge Defendants' specific at-issue acts are Judge Tillerson Adams allegedly filing a complaint with the Commission (ECF No. 11, at ¶¶ 19-20, 58-60), and Judge Cotton and Judge Pearson allegedly filing a second complaint with the Commission and participating in Commission proceedings (ECF No. 11, at ¶¶ 24-28, 56-60).

Regardless of how the amended complaint attempts to qualify or slant these alleged actions, they are actions exclusively within the scope of judicial responsibilities under the Maryland Code of Judicial Conduct (the "Judicial Code").  The Judicial Code specifically mandates a judicial responsibility to inform the Commission of facts that may raise a substantial question as to another judge's judicial fitness. Md. Rule 18-202.15(b)(1).  That is, the Judge Defendants had a specifically delineated judicial responsibility to perform the alleged acts for which they are now being sued, *i.e.*, to inform the Commission of concerns about judicial fitness and participate in the disciplinary process.  Because the alleged at-issue actions were taken within the scope of the Judge Defendants' judicial responsibilities, the Judge Defendants are absolutely immune from a suit based on them.  *See Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 356 (E.D. N.Y. 2004) (judges "absolutely immune from

suit for any actions taken within the scope of their judicial responsibilities") (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)).

The application of absolute immunity to the Judge Defendants' alleged actions here is clearly "justified by overriding considerations of public policy." *Forrester v. White*, 484 U.S. 219, 224 (1988). Under the functional approach taken to assess immunity, the federal courts "examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted," and then "evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Id.*

Here, the State entrusts its judges with "interpret[ing] and apply[ing] the law that governs our society." Md. Rule 18-100.4(a). This grave responsibility requires "[a]n independent, fair, competent, and impartial judiciary composed of individuals of integrity." *Id.* The Judicial Code "establishes standards for the ethical conduct of judges." Md. Rule 18-100.4(c). It is guided by the principle "that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to maintain and enhance confidence in the legal system." Md. Rule 18-100.4(a). The Judicial Code regulates judicial conduct through disciplinary agencies, Md. Rule 18-100.4(c), and mandatory reporting to the Commission is an integral part of the process, Md. Rule 18-202.15(b)(1). If judges fear legal liability for reporting the questionable fitness of other judges, the entire process would be undermined. *See King v. Myers*, 973 F.2d 354, 359 (4th Cir. 1992) (explaining purpose of doctrine of judicial immunity as "protecting the public interest in

12

having judges who are 'at liberty to exercise their functions with independence and without fear of consequences'") (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Moreover, the Judge Defendants are entitled to absolute immunity because the alleged acts stem directly from their roles as alleged informants and witnesses in Ademiluyi's judicial disciplinary matter.  *See* ABA Model Rules for Judicial Disciplinary Enforcement, Rule 12 (communications and testimony to judicial disciplinary bodies should be "absolutely privileged, and no civil lawsuit predicated thereon may be instituted against any complainant or witness"); *see also Mathis v. Goldberg*, 538 F. App'x 310, 311 (4th Cir. 2013) (witnesses "absolutely immune from damages for their testimony given in legal proceedings"); *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (witness sued under § 1983 "has absolute immunity with respect to any claim based on the witness's testimony") (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)).  Because a "loser in one forum" often seeks another forum and then accuses the "participants in the first with unconstitutional animus . . . [a]bsolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation."  *Butz v. Economou*, 438 U.S. 478, 512 (1978) (citations omitted).

## IV.   THE JUDGE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY OR, IN THE ALTERNATIVE, QUALIFIED IMMUNITY.

The Judge Defendants are entitled to sovereign immunity or, alternatively, to qualified immunity.  As to sovereign immunity, although Ademiluyi labels this as a "personal capacity" suit, her label is not dispositive.  *See Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir. 2018) ("mere incantation" of term not enough to transform official into

13

individual capacity (internal citations omitted)).  And the suit is more properly interpreted as an official capacity suit, thus entitling the Judge Defendants to sovereign immunity.  *See Martin v. Wood*, 772 F.3d 192, 196 (4th Cir. 2014) (sovereign immunity applied to officials sued in individual capacity).

Alternatively, if this suit is deemed an individual capacity suit against the Judge Defendants, they are entitled to qualified immunity, which protects government officials from liability when their "conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person."  *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014).  Qualified immunity is not only a defense to liability, but "also intended to free officials from litigation concerns and disruptive discovery."  *Atkinson v. Godfrey*, 100 F.4th 498, 504 (4th Cir. 2024) (citations omitted).  Here, the alleged acts, *i.e.*, reporting and/or testifying to suspected judicial misconduct, did not violate any clearly established constitutional rights that could defeat qualified immunity.

## V.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM OF FIRST AMENDMENT RETALIATION.

The Court should also dismiss the operative complaint because it does not sufficiently plead a claim of First Amendment retaliation against the Judge Defendants. To properly state a claim for First Amendment retaliation, Ademiluyi needed to allege that "(1) [she] engaged in protected First Amendment activity, (2) the [Judge Defendants] took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between [her] protected activity and the [Judge Defendants'] conduct." *Jones v. Solomon*, 90 F.4th 198, 213 (4th Cir. 2024) (citations omitted).

14

The operative complaint does not properly plead an adverse action because the Judge Defendants' at-issue actions, *on their own*, had no punitive effect on Ademiluyi. *See Bhattacharya v. Murray*, 93 F.4th 675, 689 (4th Cir. 2024) (report of unprofessional conduct not adverse action where action may have prompted review of the conduct, but it did not *on its own* contain a punitive effect); *Velez v. Levy*, 401 F.3d 75, 99 (2d Cir. 2005) (where defendants had no legal authority to oust board member, but rather "set into motion" an investigation of the board member's conduct, "those actions cannot support a First Amendment retaliation claim.").

Here, even if the Court accepts as true that the Judge Defendants filed complaints against Ademiluyi and participated in the disciplinary proceedings against her, in a manner detailed in the Maryland Rules, those actions, on their own, had no punitive effect on Ademiluyi. As outlined in detail above, the filing of a complaint is but one of many steps in the State's judicial disciplinary process. In Ademiluyi's disciplinary matter, any punitive effect came only after many layers of procedural process. *See generally Matter of Ademiluyi*, 2024 WL 3823663. And it was the result of numerous factors wholly unrelated to the Judge Defendants' alleged complaints and/or participation, including a hearing with 19 witnesses and 118 exhibits. *Id.* Moreover, courts have declined to find that actions such as criticism, false accusations, or verbal reprimands are adverse actions within the context of employment-related First Amendment retaliation suits. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000) (collecting cases).

The operative complaint also does not properly plead engagement in protected First Amendment activity. Ademiluyi's act of allegedly reporting a suspected ethical violation

15

related to an allegedly forged order constituted performance of an official duty, not speech protected by the First Amendment.  *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) ("We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes . . . ."); *see also Henderson v. City of Flint, Mich.*, 751 F. App'x 618, 623 (6th Cir. 2018) (no protected First Amendment speech where professional duty to report unlawful or unethical behavior). Here, the Judicial Code specifically mandates a judicial responsibility to inform the Commission of facts that may raise a substantial question as to another judge's judicial fitness.  Md. Rule 18-202.15(b)(1).  As such, at the time Ademiluyi allegedly made complaints to the Commission, she had an ethical duty to do so.  She was not, therefore, engaging in protected First Amendment speech.

Further, the operative complaint does not plead a sufficient causal relationship between Ademiluyi's purported protected activity and the Judge Defendants' alleged actions.  Under the applicable burden-shifting framework, Ademiluyi had a "prima facie burden to show that her purportedly protected activity was 'a substantial or motivating factor'" in the [Judge Defendants'] action[s]."  *Shaw v. Foreman*, 59 F.4th 121, 130 (4th Cir. 2023).  This initial burden required her to demonstrate that the Judge Defendants were aware of Ademiluyi's purportedly protected activity, and that "some degree of temporal proximity suggest[ed] a causal connection."  *Id.* at 299-300 (citation omitted).  Here, not only does the operative complaint fail to sufficiently plead the requisite temporal causal connection, but the Supreme Court of Maryland, within its exclusive jurisdiction to do so, previously addressed this within the underlying disciplinary matter.  *See supra*, Section II;

*see also Matter of Ademiluyi*, 2024 WL 3823663, at *30, n.22.  (finding that Ademiluyi's alleged complaints about the Judge Defendants came "only after a protracted period of time" during which authority figures had been attempting to address with Ademiluyi her difficulties in meeting the expectations for judicial conduct).

## CONCLUSION

The motion to dismiss should be granted.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Kathryn Hummel

_____
KATHRYN HUMMEL
Federal Bar No. 21991
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
khummel@oag.state.md.us
(410) 576-6341
(410) 576-6055 (facsimile)

*Attorneys for Defendants*
*Judge Sheila Tillerson Adams,*
*Judge Daneeka V. Cotton, and*
*Judge Michael R. Pearson*