**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

APRIL T. ADEMILUYI,                            *

     Plaintiff,                                *

     v.                                       * Civil Action No. 8:23-cv-03526-LKG

THE HON. ANNE ALBRIGHT, *et al*.               *

     Defendants.                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT ALBRIGHT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant the Honorable Anne Albright ("Judge Albright"), sued solely in her capacity as the Chair of the Maryland Commission on Judicial Disabilities (the "Commission"), moves to dismiss Plaintiff's Second Amended Complaint and provides this memorandum of law in support.

Respectfully Submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/  Rachel L. Stewart
RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
rstewart@oag.state.md.us
(410) 576–7934  (telephone)
(410) 576–6393  (facsimile)
August 22, 2024                                  Attorneys for Defendant

**TABLE OF CONTENTS**

Page

INTRODUCTION ....................................................................................................... 1

    Plaintiff's Claims ................................................................................................... 1

    The Commission on Judicial Disabilities ........................................................... 3

STANDARD OF REVIEW ........................................................................................ 6

ARGUMENT ............................................................................................................. 8

    I.    PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT
        IMMUNITY AND SHOULD BE DISMISSED FOR LACK OF SUBJECT
        MATTER JURISDICTION .................................................................................... 8

    II.   PLAINTIFF'S CLAIM IS MOOT AND SHE LACKS STANDING ........................ 11

    III.  PLAINTIFF'S CLAIMS ARE BARRED BY ABSTENTION AND SHOULD BE
        DISMISSED ....................................................................................................... 13

    IV.  PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN
        BE GRANTED .................................................................................................... 17

CONCLUSION ........................................................................................................ 19

## <u>INTRODUCTION</u>

**Plaintiff's Claims**

Plaintiff, April T. Ademiluyi, is a former judge for the Circuit Court for Prince George's County, Maryland.  (ECF No. 11, at ¶ 43.)  She was sworn on to the bench on December 18, 2020, after being elected to her position.  (*See* ECF No. 11, at ¶ 1); *Matter of Ademiluyi*, ___ Md. ____, No. 2, Sept. Term, 2023, 2024 WL 3823663, at *4, n.6 (Aug. 15, 2024).   Following an investigation of now former Judge Ademiluyi, a public hearing on charges brought by Investigative Counsel before the Commission (Case No. CJD-2022-079) and the submission of findings of fact, conclusions of law, order and recommendations by the Commission, the Supreme Court of Maryland upheld the Commission's conclusions of Ms. Ademiluyi's violation of the Maryland Rules and removed Ms. Ademiluyi from office.  *Matter of Ademiluyi*, 487 Md. 133 (2024); *Matter of Ademiluyi*, 2024 WL 3823663, at *3.   Upon removal from the bench, the Commission ceased to have jurisdiction over Ms. Ademiluyi as she was no longer a sitting Maryland judge.   Ms. Ademiluyi, plaintiff, subsequently brought a single claim against Judge Albright, as the Chair of the Commission, for declaratory and injunctive relief.[1]

---

[1] Before the Court is Plaintiff's Second Amended Complaint (ECF No. 11.)  Judge Albright and the Commission were added as parties in the Second Amended Complaint which was filed without leave of Court.  *See* Fed. R. Civ. Pro. 15.  As the Court has ordered the defendants to proceed with the filing of motions to dismiss (ECF No. 24), it is assumed that the Court has accepted Plaintiff's Second Amended Complaint as the operative complaint before the Court.

In Count II of the second amended complaint, plaintiff claims that she was retaliated against by fellow Circuit Court of Maryland for Prince George's County judges the Hon. Sheila Tillerson Adams,[2] the Hon. Daneeka Varner Cotton and the Hon. Michael Ray Pearson (collectively, the "State Court Judges").   (ECF No. 11, at ¶¶ 19, 24-5.) Specifically, she claims that Judge Tillerson Adams reported plaintiff to the Commission in retaliation for a complaint filed by plaintiff against Judge Tillerson Adams; as a result, plaintiff asserts Commission Case No. CJD-2022-079 was brought against her. (ECF No. 11, at ¶ 19.)   She further claims that a second case against her was initiated with the Commission, Case No. CJD-2023-005, following Judge Cotton's statements to Investigative Counsel for the Commission in case CJD-2022-079. (ECF No. 11, at ¶ 24.) Finally, she claims that a third case was initiated by the Commission, No. CJD-2024-007, as a result of plaintiff's request for sick leave due to the stress of the other two cases before the Commission.  (ECF No. 11, at ¶ 39.)   Plaintiff seeks declaratory and injunctive relief against Judge Albright.[3]

In particular, plaintiff seeks a declaration that all defendants "unlawfully caused Ademiluyi to be charged with sanctionable misconduct in CJD-2022-079 and CJD-2023-

---

[2] Judge Tillerson Adams retired from the bench on December 31, 2022. https://msa.maryland.gov/msa/mdmanual/31cc/former/html/msa11851.html (last visited on Aug. 22, 2024).

[3] Although Count II is asserted against both the Commission and Judge Albright (in addition to the State Court Judges), Plaintiff has filed a Notice of Voluntary Dismissal against the Commission.  (ECF No. 22.)

005 in retaliation for Ademiluyi's exercise of her First Amendment right to file complaints . . . with the [Commission]"[4] and the federal court and that the Commission cases are "barred by the First Amendment's prohibition of retaliation for the exercise of protected speech." (ECF No. 11, at 14.)  Plaintiff also seeks to enjoin Judge Albright from taking any further actions in the three cases before the Commission involving plaintiff.  (ECF No. 11, at 14.)

**The Commission on Judicial Disabilities**

The Commission on Judicial Disabilities is an independent constitutional entity composed of eleven persons appointed by the Governor of Maryland, by and with the advice and consent of the Senate, who are charged with the authority to investigate complaints against Maryland judges, to conduct hearings, to reprimand judges, or to recommend that the Supreme Court of Maryland discipline judges. Md. Const. art. IV, § 4A(a); Md. Const. art. IV, § 4B(a).  In exercising this authority, the Commission follows rules promulgated by the Supreme Court of Maryland.  Md. Const. art. IV, § 4B(a)(5); Md. Rule 18-401 – 18-442.  Judicial discipline under the rules and as fashioned by the Supreme Court is intended to "preserve[] the integrity and independence of the Judiciary and reaffirm[], maintain[] and restore[] public confidence in the administration of justice." *In re Lamdin*, 404 Md. 631, 653 (2008); *see also* Md. Rule 18-401(b)(1).

There are generally four (4) phases of a complaint made against a sitting Maryland

---

[4] Plaintiff uses the term "State," however, such term is undefined and based on context, it is believed plaintiff is referring to the Commission.

State Court judge: the investigative phase, the disposition phase, the Commission hearing phase, and the Supreme Court disciplinary phase.  Md. Rules 18-401 – 18-442.

The rules establish a three-step process for the Commission's investigation phase. To start, upon receipt, a complaint is referred by the Commission to Investigative Counsel, who can dismiss a deficient complaint, coordinate with a complainant to cure a defective complaint, or investigate. Md. Rule 18-421.  If an investigation occurs, the accused judge may be given an opportunity to respond to the complaint before a report and recommendation is made by Investigative Counsel.   Md. Rule 18-422(a)(5), (b). If Investigative Counsel recommends a disposition other than a dismissal with a letter of cautionary advice, the matter is considered by the Judicial Inquiry Board ("Board") — a seven-member board appointed by the Supreme Court of Maryland.  Md. Rule 18-412. The Board reviews the report and recommendation prepared by Investigative Counsel as well as materials compiled during the investigation.   Md. Rule 18-423(d). While the complaint is being considered by the Board, the judge can request to meet informally with the Board or participate in the peer review process.  Md. Rule 18-423(d). Upon completion of its review, the Board transmits a report to the Commission.  *Id.*  After a separate review, the Commission can "direct Investigative Counsel to conduct a further investigation," "remand the matter to the Board for further consideration," "dismiss the complaint," dispose of the complaint under certain other provisions, or "direct Investigative Counsel to file charges" against the judge.  Md. Rule 18-423(f).

If charges are filed, the Commission enters its public hearing phase.  The accused

4

judge is guaranteed various rights while Investigative Counsel and the judge conduct discovery and participate in a hearing on the charges. Md. Rules 18-431 – 18-434. After concluding the hearing, the Commission makes findings of fact and conclusions of law regarding whether the judge is disabled, is impaired, or has committed sanctionable conduct and, when appropriate, refers "the matter to the Supreme Court." Md. Rule 18-435. The remaining proceedings and discipline occur in the Supreme Court. Md. Rules 18-436, 18-437.

The Commission has a Chair and Vice-Chair who are designated by the Supreme Court of Maryland. Md. Rule 18-411(a). The Chair is authorized to engage in certain actions as set forth under the Maryland Rules. Specifically, she may confer with the Chair of the Board regarding information to be transmitted to the Commission (Rule 18-423(d)(1)(B)), grant requests for extensions of time and approve certain acts by the Board or Investigative Counsel (Rules 18-423(d)(2)(B), (e); 18-424(c)); 18-422(a)(6)), and in the absence of the Board's report, can direct Investigative Counsel to create and submit a report for the Commission (Rule 18-423(d)(2)(C)). In a hearing on the charges, as authorized by Maryland Rule 18-431, the Chair rules on evidence, directs the recordation of the proceedings before the Commission, and determines whether the judge and Investigative Counsel may submit proposed findings of fact and conclusions of law and sets a time for submission of same. Md. Rule 18-434 (f) (committee note), (g), (h). The Chair may also authorize the issuance of subpoenas (Rule 18-409.1(b)), limit the scope of discovery, enter protective orders, and resolve other discovery issues (Rule 18-433(a)(2)). Finally, the

5

Chair certifies the hearing record for matters proceeding to the Supreme Court.  Md. Rule
18-422(a)(6).

## STANDARD OF REVIEW

A court grants a motion to dismiss for lack of subject matter jurisdiction pursuant
to Rule 12(b)(1) "where a claim fails to allege facts upon which the court may base
jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005)  "When a Rule
12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the
burden of proving subject matter jurisdiction is on the plaintiff." *Richmond,
Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991),
citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In evaluating a challenge to
the Court's subject matter jurisdiction, the Court is permitted to "consider evidence outside
the pleadings without converting the proceeding to one for summary judgment."
*Richmond, 945 F.2d* at 1219.  "[T]he court takes all well-pleaded factual allegations as
true."  *Barnett v. United States*, 193 F. Supp.3d 515, 518 (2016) citing *Kerns v. United
States*, 585 F.3d 187, 193 (4th Cir. 2009).  However, the court is "not obligated to assume
that [the] plaintiff's *legal conclusions or arguments* are also true." *Barnett*, 193 F.Supp.3d
at 518 (citations omitted).

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil
Procedure 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim
upon which relief can be granted.  To survive a motion under Rule 12(b)(6), a complaint
must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell*

*Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). It is insufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 560 (internal quotation and alteration omitted). Thus, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice and are not entitled to the assumption of truth. *Id.* at 555 (internal citation omitted). Ultimately, a complaint must "permit the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom., Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012) (quoting *Iqbal*, 556 U.S. at 679).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This Court should accept "as true all of the well-pleaded allegations and [view] the complaint in the light most favorable to the non-moving party." *Lesueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). This Court, however, may disregard conclusions of law or unwarranted deductions of fact because the purpose of a Rule 12(b)(6) motion is to determine legal sufficiency of the complaint. *Veney v.*

7

*Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## ARGUMENT

I.   **PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

The Eleventh Amendment of the United States Constitution bars a suit in federal court against a State, one of its agencies or departments, or one of its officials acting in an official capacity, without a valid abrogation or waiver of the State's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalfe and Easy, Inc*., 506 U.S. 139, 144-45 (1993); *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89, 100 (1984); *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001); U.S. Const. amend. XI; Md. Code Ann., Const., Art IV, § 1.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Garrett,* 531 U.S. at 363.  "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued."  *Pennhurst,* 465 U.S. at 99.  Although Maryland has waived its sovereign immunity for certain actions brought in its state courts under the Maryland Torts Claims Act, Md. Code Ann., State Gov't § 12-101, *et seq.*, it has not waived its immunity under the Eleventh Amendment for suits in federal court.  *See e.g. Dixon v. Baltimore City Policy Dep't*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).

There is however an exception to Eleventh Amendment immunity.  Under the *Ex*

*Parte Young* exception, claims solely for prospective injunctive relief against state officials acting in violation of federal law are not prohibited by the Eleventh Amendment. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). "The Ex Parte Young exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings' " to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 155-56). However, the state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). In the instant matter, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply because Judge Albright is not responsible for the challenged state action and plaintiff's claim of prospective relief is an illusion. Accordingly, plaintiff's claim should be dismissed.

In plaintiff's second amended complaint, she does not make any claims directly against Judge Albright nor does she specifically attribute any actions of which she complains to Judge Albright. Rather, plaintiff's claims are against the Commission (ECF No. 11, at ¶¶ 18, 20, 22, 32, 35, 36, 38, 39, 42, 44, 54) whom she has dismissed from suit

(ECF No. 22).  Moreover, even if the alleged actions of the Commission of which plaintiff complains were or could be attributed to Judge Albright, her claim is backward looking and thus does not fall within the *Ex Parte Young* exception to immunity.  *See P.R. Aqueduct*, 506 U.S. at 146. Specifically, plaintiff claims that the Commission's (or presumably Judge Albright's) actions <u>violated</u> her First Amendment rights in the bringing of charges against her and prohibiting her from litigating retaliation issues.  (ECF No. 11, at ¶¶ 53-54.)  These are actions that have occurred in the past, not actions which are under threat of occurring in the future.  Commission Case No. 2022-079 has already been decided by the Supreme Court and Ms. Ademiluyi removed from the bench (ECF No. 11, at ¶ 43); *Matter of Ademiluyi*, 487 Md. 133 (2024); *see also Matter of Ademiluyi*, ___ Md. ____, No. 2, Sept. Term, 2023, 2024 WL 3823663 (Aug. 15, 2024).

Furthermore, the Commission, which is charged with enforcing the standards of judicial conduct, no longer has any jurisdiction over Ms. Ademiluyi since she is no longer a judge.  *See* Md. Rule 18-401(b)(1).  Ms. Ademiluyi even admits that Commission Case No. 2023-005 has been stayed.  (ECF No. 11, at ¶ 44.)   While Ms. Ademiluyi alleges that she is seeking injunctive relief with respect to the Commission cases, in actuality there are no active cases against her upon which injunctive relief could be applied.

As plaintiff seeks a declaration of past unconstitutional behavior and injunctive relief cannot be applied to cases already decided or in abeyance given a loss of jurisdiction, her claim against Judge Albright is barred by Eleventh Amendment Immunity and should be dismissed.

10

## II.     PLAINTIFF'S CLAIM IS MOOT AND SHE LACKS STANDING.

The Court lacks jurisdiction over this matter because plaintiff lacks standing and the Commission, of which Judge Albright is the Chair, currently has no jurisdiction over plaintiff because she is no longer a judge.  As such, there is no active case or controversy, and plaintiff's claim is moot.

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."  *Dreher v. Experian Info. Solutions, Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 343, (2016)).  "It is a bedrock principle that Article III of the Constitution confines the federal courts to the adjudication of 'actual, ongoing cases or controversies.'"  *Snyder v. Maryland*, No. CV ELH-20-1030, 2023 WL 35249, at *2 (D. Md. Jan. 3, 2023) (citations omitted).  A case or controversy is one "traditionally amenable to and resolved by the judicial process."  *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 798 (2021) (citations omitted).

The "[m]ootness doctrine is grounded in Article III's 'case-or-controversy limitation on federal judicial authority.'"  *Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 325 (4th Cir.), *cert. denied sub nom. Just. v. Jonathan R.*, 143 S. Ct. 310 (2022) (citations omitted).  The doctrine confirms that a cognizable interest in the outcome of an action is required to bring suit and that the doctrine's demands extend past the filing of the complaint, insisting on "an actual controversy . . . at all stages of review."  *Id.* (citations omitted).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable

11

interest in the outcome." *Telco Commc'n, Inc. v. Carbaugh*, 885 F.2d 1225, 1230 (4th Cir. 1989) (citations omitted).

In the instant matter, plaintiff lacks a legally cognizable interest in the outcome of this case. Simply stated, plaintiff has no present, on-going interest for which this Court may exercise its jurisdiction. Plaintiff complains of three cases before the Commission. Case No. CJD-2022-079 is no longer before the Commission and has been decided by the Supreme Court of Maryland wherein Ms. Ademiluyi has been removed from the bench. *Matter of Ademiluyi*, 487 Md. 133; *see also Matter of Ademiluyi*, 2024 WL 3823663. This court has no jurisdiction to review or undo the decision of the Supreme Court of Maryland.

The other two cases of which Plaintiff complains, Case Nos. CJD-2023-005 and CJD-2024-007, are in abeyance as the Commission no longer has any jurisdiction over plaintiff as she is no longer a judge. *See* Md. Rule 18-401(b)(1) (noting the Commission on Judicial Disabilities' role in enforcing the standards of judicial conduct and maintaining the integrity, independence and impartiality of judges).

In sum, there is no actual controversy before this Court, and since plaintiff is no longer a judge over whose conduct the Commission may seek to enforce, she does not have standing and her claim is moot.

Moreover, Judge Albright cannot provide the relief sought by plaintiff. Judge Albright is the Chair of the Commission on Judicial Disabilities. As discussed above, her authority under the Maryland Rules is generally limited to deciding on discovery issues, directing the issuance of subpoenas and granting extensions of time. *See* Md. Rules 18-

12

409.1, 18-422 – 18-424, 18-433.  Judge Albright does not have the authority to cease the investigation of a complaint or order dismissal of a charge.  Even if the Court were to find that plaintiff has standing or her claim is not moot and grant the relief requested by plaintiff, Judge Albright is not authorized under the Maryland Rules to provide such relief.

## III.   PLAINTIFF'S CLAIMS ARE BARRED BY ABSTENTION AND SHOULD BE DISMISSED.

In Count II, plaintiff asserts that she seeks "to challenge the constitutionality of the charges" made against her; however, in actuality, plaintiff is seeking to relitigate and/or appeal a judicial disciplinary matter, which rested within the *exclusive* jurisdiction of the Supreme Court of Maryland and was properly pending, and then decided, in *Matter of Ademiluyi*, 487 Md. 133.  Abstention is appropriate here due to the proceedings before the Supreme Court of Maryland and interest of the State of Maryland in the actions of its own judges.

Strong federal policy against federal-court interference dictates abstaining from entertaining plaintiff's claim.  *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending judicial proceedings absent extraordinary circumstances."  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431.  *Younger* requires the Court to abstain from interfering in state proceedings "if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit."

13

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (internal quotation marks omitted).

*Younger* abstention precludes federal courts from interfering with state court proceedings that are "'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 78 (2013) (citation omitted). Here, the elements warranting *Younger* abstention are met. In February 2024, the Commission filed its Findings of Fact, Conclusions of Law and Recommendations to the Supreme Court as to the imposition of discipline against Ms. Ademiluyi in accordance with Maryland Rule 18-435(e) on Commission Case No. 2022-079. *Matter of April T. Ademiluyi*, Supreme Court of Maryland Case No. SCM-JD-0002-2023, docket report, Exhibit 1; *Matter of Ademiluyi*, 2024 WL 3823663, at *2-3. While plaintiff filed the instant lawsuit on December 29, 2023, no significant action was taken in this matter until after the filing of her Second Amended Complaint in May 2024. The Supreme Court's Order removing Ms. Ademiluyi from the bench was entered by the Court on May 6, 2024. Exh. 1; *Matter of Ademiluyi*, 487 Md. 133. The state court proceeding implicated the important state interest of enforcing judicial conduct of its judges. The proceeding provided an adequate (and appropriate) opportunity for plaintiff to raise the issues in this action to the Supreme Court. *Kaplan v. CareFirst, Inc*., 614 F. Supp. 2d 587, 595 (D. Md. 2009) ("So long as [the plaintiff] has the opportunity to raise his federal claims in the state court, . . . the intervention of a federal court is not necessary for the protection of his federal rights." (citation and internal quotation marks omitted)). Because the same claims made in the

14

instant action were available to be made in the matter before the Supreme Court, it is in "the interests of comity and wise judicial administration dictate[s]" to abstain from this matter. *Woodward & Lothrop, Inc., Neall,* 813 F. Supp. 1158, 1163 (D. Md. 1993).

This case warrants the invocation of *Younger* abstention. "The *Younger* doctrine is founded upon principles of comity and federalism, and rests upon the notion that 'the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Horowitz v. Mason,* No. DKC 15-3478, 2016 WL 1536321 at *4 (D. Md. Apr. 15, 2016 (citations omitted).

In the alternative, the Court should abstain from entertaining plaintiff's claim under the *Rooker-Feldman* doctrine. Plaintiff's claim is inextricably intertwined with the State court decision in *Matter of Ademiluyi*, 487 Md. 133, and the *Rooker-Feldman* doctrine bars plaintiffs' request for redress in this Court.

In plaintiff's second amended complaint, while she claims that she is not seeking to overturn the Supreme Court's decision, she is seeking a finding that the charges brought against her before the Commission were unconstitutional — the effect of which would solely be to undermine the Supreme Court's decision in *Matter of Ademiluyi*, 487 Md. 133. (*See* ECF No. 11, at ¶ 53.) Accordingly, this Court does not have jurisdiction to hear this matter, and it should be dismissed.

A federal court lacks jurisdiction to overturn state court decisions. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Tr. Co*., 263 U.S. 413, 416 (1923). Only the Supreme Court has jurisdiction to review state court

judgments.  28 U.S.C. § 1257.  Under the *Rooker-Feldman* doctrine, if a party seeks redress in the federal district court for the injury caused by a state-court decision, "his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court."  *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (2006) (citing *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The *Rooker-Feldman* doctrine applies regardless of whether plaintiff asserted the basis of her claim in the state court action.  *Davani*, 434 F.3d at 718-719.  The doctrine "divests the district court of jurisdiction where 'entertaining the federal claim [w]ould be the equivalent of an appellate review of [the state court] order.'" *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997).  The controlling question in the *Rooker–Feldman* analysis is as follows:

> if 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual,' *Rooker–Feldman* is implicated.

*Id.* (citations omitted).

In order to decide in favor of plaintiff and declare that the charges brought against her were unconstitutional, this Court would have to determine that the Maryland Supreme Court's judgment was erroneous and this Court's action in granting the relief requested by plaintiff would be the equivalent of reversing the decision of the Supreme Court.  Thus, plaintiff's claim is barred by *Rooker-Feldman*.

16

**IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Even setting aside the lack of subject matter jurisdiction, the plaintiff's second amended complaint also fails to state a claim upon which relief can be granted and is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

As noted above, plaintiff makes no claim against Judge Albright.  She makes no allegation that Judge Albright, as opposed to the Commission as a whole, took any action which allegedly aggrieved her.  (*See* ECF No. 11, generally.)  Accordingly, plaintiff has wholly failed to state a cause of action against Judge Albright.

In sum, plaintiff's second amended complaint fails to satisfy the "plausibility" standard adopted by the Supreme Court.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.   This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).   That is, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation omitted).

In applying this standard, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1949-50.  When stripped of its conclusory

statements, plaintiff's complaint does not state a plausible claim for relief against Judge Albright. Although Ms. Ademiluyi alleges that her constitutional right to free speech was violated by virtue of the alleged retaliatory complaints or statements of the State Court Judges, her allegation must be ignored because it lacks the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wag More Dogs, LLC. v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678).

Furthermore, even assuming that one could interpret plaintiff's complaint as to assert that Judge Albright violated plaintiff's First Amendment rights, plaintiff fails to state a cause of action because her actions are not protected under the First Amendment. To prevail on a First Amendment retaliation claim, plaintiff must prove (1) she was engaged in a constitutionally protected activity; (2) she was subjected to adverse action or deprived of some benefit; and (3) the adverse action was related to her protected speech. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). However, not all speech is constitutionally protected speech and a public employee's speech is only protected by the First Amendment when she "speak[s] as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 420 (2006). "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti*, 547 U.S. at 421. Whether a public employee's speech is protected is a question of law for the court to decide. *Urofsky v. Gilmore*, 216 F.3d 401, 406 (4th Cir. 2000) (citations omitted).

18

In plaintiff's second amended complaint, she alleges that she reported to the Commission that either Judge Tillerson Adams or Judge Cotton forged her signature on an order and were monitoring her emails to sabotage her work product. (ECF No. 11, at ¶ 15.) Plaintiff's alleged exercise of her First Amendment right of free speech was not made as a "citizen" but only in light of and because of her role as judge. Ms. Ademiluyi would not even have the complaint or allegation to make against Judges Tillerson Adams and Cotton were it not for her official position and duties. Furthermore, the Supreme Court of Maryland reviewed plaintiff's allegations of retaliation in the *Matter of Ademiluyi* and found them to be without merit. 2024 WL 3823663, at *18, n. 22, 30.

Additionally, plaintiff's allegations of First Amendment retaliation fail as she has not alleged facts to support any connection between her exercise of her First Amendment rights and the acts of Judge Albright. She has not alleged nor are there facts to assert that Judge Albright committed any acts in retaliation of plaintiff's alleged exercise of her right to free speech. Any investigation of Ms. Ademiluyi was performed in accordance with Maryland Rule 18-421, and plaintiff neither alleges nor do the Rules allow it to be made at Judge Albright's direction. As plaintiff has failed to allege a claim for First Amendment retaliation, her claim should be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's second amended complaint against defendant Anne Albright as the Chair of the Maryland Commission on Judicial Disabilities should be dismissed with prejudice.

19

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland


/s/ Rachel L. Stewart
RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorney General
200 St. Paul Place
Baltimore, Maryland  21202
rstewart@oag.state.md.us
(410) 576-7934
(410) 576-6393 (facsimile)

*Attorneys for Defendant,*
the Hon. Anne K. Albright

20