IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| APRIL T. ADEMILUYI, | * |
| *Plaintiff*, | * |
| v. | *   Case No. 8:23-cv-03526-LKG |
| HON. ANNE K. ALBRIGHT, ET AL., | * |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF JUDGE DEFENDANTS' MOTION TO DISMISS (ECF 26)**

Defendants Judge Sheila Tillerson Adams, Judge Daneeka V. Cotton, and Judge Michael R. Pearson (the "Judge Defendants") respectfully submit this reply memorandum in support of their unopposed motion to dismiss (ECF No. 26).

**INTRODUCTION**

In this case, April T. Ademiluyi ("Ademiluyi") sued the Maryland Commission on Judicial Disabilities (the "Commission")[1], the Commission's Chair, Judge Anne K. Albright ("Judge Albright"), and her former colleagues, the Judge Defendants, who participated in her judicial disciplinary matter.

On August 22, 2024, the Judge Defendants moved to dismiss the suit by filing a motion to dismiss.  (ECF No. 26.) Also on August 22, 2024, Judge Albright moved to dismiss the suit by filing a separate motion to dismiss.  (ECF No. 27.)  Ademiluyi's deadline for responding to these motions was originally set for September 30, 2024.  (ECF

---

[1] Ademiluyi has subsequently dismissed the Commission as a defendant.

No. 24.) On September 19, 2024, Ademiluyi sought an extension of her deadline to file a response. (ECF No. 30.) On September 20, 2024, her request was granted, allowing Ademiluyi an extension from September 30, 2024, until November 14, 2024, to file a response to the defendants' motions to dismiss (ECF No. 31).

In spite of Ademiluyi's averment through counsel to the contrary, the Judge Defendants did not consent[2] to an extension of her response deadline of November 14, 2024. Ademiluyi's response deadline has not been further extended. From the time defendants filed their motions to dismiss, Ademiluyi had 12 weeks to file a response. To date, Ademiluyi has not filed a response to the defendants' motions to dismiss.

As such, the Judge Defendants' motion to dismiss (ECF No. 21) is now ripe and the Judge Defendants respectfully request, for the reasons set forth in the motion supporting their motion to dismiss (ECF No. 26-1), that this Court dismiss this suit.

---

[2] Ademiluyi, through counsel, avers in her motion for leave to amend that it was her "understanding" that the "defendants" were consenting to her filing an amended complaint and thus to extending out the deadlines related to the defendants' respective motions to dismiss. (ECF No. 39, at ¶¶ 4-5.) To the contrary, the Defendant Judges, through their undersigned counsel, did not consent to Ademiluyi filing an amended complaint, nor to further extending out any of the deadlines in this matter. In fact, the email from Ademiluyi directly—who at the time was represented by Ray Shepherd (only)—that she attaches as an exhibit to her motion (ECF No. 39-1) was the first and only occasion on which the undersigned counsel heard anything from Ademiluyi or her counsel related to a request to file a third amended complaint or related to further extending out the deadlines in this matter. And, in response to this email, the undersigned counsel emailed Mr. Shepherd, stating only: "Please be advised that in light of Ms. Ademiluyi being represented by you, I don't plan to respond to this communication from her. But obviously, if/when I hear from you, I would be happy to respond." Exhibit 1, Email dated October 25, 2024. The undersigned counsel received no response to this email.

## REPLY ARGUMENT

Because Ademiluyi has failed to file any opposition to the Judge Defendants' motion, this Court may properly dismiss the case based on the arguments asserted in the motion to dismiss (ECF No. 26-1). *See White v. Wal Mart Stores, Inc.*, No. CIV.A. ELH-14-00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014), citing *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) ("When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the ... motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion."); *Castillo v. Nationstar Mortg., LLC*, No. CIV.A. DKC 14-2162, 2014 WL 5089088, at *1 (D. Md. Oct. 8, 2014) (collecting cases) (dismissing an unopposed motion to dismiss where there was "no obvious lack of merit in Defendants' motion given the allegations contained in Plaintiff's complaint"); *Ferdinand–Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md.2010) ("By her failure to respond to [an] argument, the plaintiff abandons [her] claim.").

## CONCLUSION

The Judge Defendants' unopposed motion to dismiss (ECF No. 26) should be granted.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Kathryn Hummel

_____
KATHRYN HUMMEL
Federal Bar No. 21991
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
khummel@oag.state.md.us
(410) 576-6341
(410) 576-6055 (facsimile)

*Attorneys for Defendants
Judge Sheila Tillerson Adams,
Judge Daneeka V. Cotton, and
Judge Michael R. Pearson*