IN THE U.S DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| APRIL ADEMILUYI<br>324 Main Street<br>Laurel, MD 20707<br>Plaintiff<br>v.<br>Judges Sheila Tillerson Adams, Daneeka Varner Cotton and Judge Michael Ray Pearson; et al<br>Defendants | Case No. 8:24cv03616-LKG |

**Plaintiff's Response to Show Cause Order**

Plaintiff, by and through her undersigned attorneys, moves this Court to accept her filing of the amended complaint, under Rule 15 and in support she states:

**BACKGROUND**

1. Plaintiff filed a first amended complaint adding the three judge defendants [ECF12]. On February 20, 2025, the original defendant, Andrews, renewed her motion to dismiss [ECF23], and on March 6, 2025, Plaintiff filed a brief in opposition. [ECF27]
2. On February 19, 2025, the three judge defendants sent an email (Ex1) indicating they intend to file a notice of intent to file a Motion to Dismiss. Without giving plaintiff time to respond, they filed a Notice of intent to file a motion to dismiss. [ECF21]. They informed the court that they are only including their suggested briefing schedule but the court quickly, the next day, on February 20, 2025[ECF22] set the defendants suggested briefing schedule in an order.

3. On February 21, 2025, in light of newly discovered information from Andrews, the three judge defendants were notified that plaintiff may add Athony Brown as a defendant. Ex 2. Plaintiff as a matter of right had to see the judge defendant's motion to dismiss to understand how to amend accordingly.
4. The three defendants filed a motion to dismiss on March 14, 2025. [ECF29]
5. Plaintiff filed a second amended complaint adding one defendant, Anthony Brown [ECF30]. A second amended complaint was the first and only amendment filed in response to the Judge defendant's Motion to Dismiss [ECF29].
6. On April 8, 2025, the clerk issued the summons for the second amended complaint, but the same day struck the second amended complaint.
7. On April 8, 2025, the clerk, Brandon Grosch, stated to plaintiff that the complaint was stricken because it was a second amended complaint, and he was unaware that three defendants were added in the first amended complaint who filed the motion to dismiss [ECF29]. Thus, he thought leave of court was required to amend the complaint. Mr. Grosch said he would consult with his supervisor.
8. On April 9, 2025, Brandon Grosch, informed plaintiff that after he issued the summons, two case administrators, Olvia Lewis, and Hilda Espino-Palma informed him he made an error. Mr. Grosch referred plaintiff to Olivia Lewis and said that she can make any needed adjustments.
9. On April 9, 2025, Olivia Lewis, informed Plaintiff that "opposing counsel" convinced Mr. Brosch that leave was required to amend the complaint. Ms. Lewis said she did not feel comfortable changing Mr. Grosch's work.

10. On April 9, 2025, Brandon Grosch informed plaintiff that after he issued the summons "opposing counsel from the office of attorney general" called to convince him that leave was necessary to file a second amended complaint. Mr. Grosch did not get the name of the person who called him.

## ANALYSIS

11. Rule 15(a) in pertinent part states:

> **(a) Amendments Before Trial.**
>
> **(1)** *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

12. The holding in *Ellis v. Werfel* 86 F.4th 1032, 1037 (4th Cir. 2023) applies to Anthony Brown because he has not been served. Prior to service of the complaint and summons, Rule 15 does not control the number of times a plaintiff can amend the complaint, nor does it require leave of court. It states in pertinent part,

> Moreover, in denying the motion, the court also failed to recognize that Federal Rule of Civil Procedure 15(a)(1)(A) authorizes a plaintiff to amend his complaint one time "as a matter of course" — meaning without leave [**12] or permission of the court — within 21 days of service of the complaint. The plaintiffs here had not even served the complaint at the time they sought to amend it.

*Ellis v. Werfel*, 86 F.4th 1032, 1037 (4th Cir. 2023). Here, the first amendment to the complaint adding the judge defendants occurred before service of the complaint on Anthony Brown.

13. By contrast, the judge defendants were served, so the holding in *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) controls this case because the first and only amendment occurred before the judge defendants filed a responsive pleading. *Galustian* states in pertinent part,

> Importantly, however, a plaintiff has an absolute right to amend his complaint once before a responsive pleading has been filed and need not seek leave of court to do so. Fed. R. Civ. P. 15(a) (2008). Therefore, we hold the district court abused its discretion in denying Galustian's motion to amend his complaint because he had not yet amended as of right and the defendant had not filed a responsive pleading. In this case, Peter had not yet filed a responsive pleading, as a *motion to dismiss is not considered responsive.*

*Id*. Emphasis Added.

14. Thus there is a right to amend once within 21 days of service of a Motion to Dismiss without leave of court. *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). The rule also applies to the right to amend for the purpose of adding parties, in the Fourth Circuit. *Id* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999) ("[A]fter the case had been removed[,] Mayes filed her amended complaint naming Key as a defendant. Since the Rapoports had not answered Mayes's complaint, Mayes was not required, under Rule 15(a), to seek leave of court for amendment.").

15. The Fourth Circuit further explains in *Galustian* that "the doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to

amend. The plaintiff's right to amend once is absolute. Therefore, the district court abused its discretion in preventing Galustian's amendment as of right, …" *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010)(emphasis added).

16. Defendants filed a motion to dismiss on March 14, 2025, and under Rule 6(a)(4), 21 days creates a Response deadline for electronic filing at 12am Saturday, April 5, 2025. But under Rule 6(a)(1), because the deadline ends on a Saturday, plaintiff had until the next business day, Monday, April 7, 2025. Plaintiff filed the amended complaint Monday April 7, 2025. [ECF30]

17. Thus, plaintiff filed a timely amendment as a matter of right and leave of court was not required.

18. Notwithstanding that Anthony Brown has not been served, his office had expressly prohibited *ex parte* communications with the clerk convincing the clerk and this court to strike a complaint and summons for him personally. Under Rule 19-303.5,

> **(a)** An attorney shall not: **(7)** communicate ex parte about an adversary proceeding with the judge or other official before whom the proceeding is pending, except as permitted by law;

Therefore, the Clerk acted upon an improper *ex parte* communication striking the complaint.

19. Rule 1 states the federal rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

20. Finally, the Fourth Circuit strongly enforces a federal rule policy in favor of deciding cases on the merits and giving the Plaintiff every opportunity to amend:

> A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, *id.*, but Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (" The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) [**52] ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990))).

*Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006).

## **CONCLUSION**

Wherefore plaintiff respectfully requests the Court accept the filing.

Respectfully submitted,

____________/s/_____________________

Ray Shepard, Esq.
Federal Bar No: 09473
The Shepard Law Firm, LLC
122 Rivera Drive
Pasadena, MD 21122
Office: 410 255-0700
Fax: 443-773-1922
Ray@shepard.law

____________/s/_____________________

Allen R. Dyer, Esq.
Federal Bar No: 19624
Law Office of Allen R. Dyer
13340 Hunt Ridge
Ellicott City, Maryland 21042
410-531-3965
aldyer@lawlab.com

***Attorneys for April T. Ademiluyi***

IN THE U.S DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| APRIL ADEMILUYI<br>324 Main Street<br>Laurel, MD 20707<br>Plaintiff<br>v.<br>Judges Sheila Tillerson Adams, Daneeka Varner Cotton and Judge Michael Ray Pearson; et al<br>Defendants | Case No. 8:24cv03616-LKG |

**Affidavit of April T. Ademiluyi**

**I, April T. Ademiluyi, solemnly affirm under the penalties of perjury:**

21. On April 8, 2025, the clerk, Brandon Grosch, stated to me that the complaint was stricken because it was a second amended complaint, but he was unaware that three defendants were added in the first amended complaint who filed the motion to dismiss [ECF29]. Thus, he thought leave of court was required to amend the complaint. Mr. Grosch said he would consult with his supervisor.

22. On April 9, 2025, Brandon Grosch, informed me that after he issued the summons, two case administrators, Olvia Lewis, and Hilda Espino-Palma informed him he made an error. Mr. Grosch referred plaintiff to Olivia Lewis and said that she can make any needed adjustments.

23. On April 9, 2025, Olivia Lewis, informed me that "opposing counsel" convinced Mr. Brosch that leave was required to amend the complaint after he issued the summons. Ms. Lewis said she did not feel comfortable changing Mr. Brosch's work.

24. On April 9, 2025, Brandon Grosch informed me that "opposing counsel from the office of attorney general" called him to convince him that leave was necessary to file a second amended complaint. Mr. Grosch said he did not get the name of the person who called him.

25. On April 9, 2025, Olivia Lewis informed me that she would discuss the dispute with the Judge.

26. On April 9, 2025, Olivia Lewis called me to confirm that she did discuss this with the judge and that there was nothing further my counsel needed to do.

___________________________________

April T. Ademiluyi